[No. 1580, December 2, 1913.]

W. E. ROGERS, Appellee, v. KEMP LUMBER COM-
PANY, Appellant.

### SYLLABUS (BY THE COURT)

1.  On appeal to the District Court from a Justice of the
Peace a cause is triable **de novo.**

P. 302

2.  In the absence of a contract, express or implied, be-
tween attorney and client, fixing the stipulated percentage
which the payee is entitled to recover from the payor, in
case of default and the placing of the note in the hands of an
attorney for collection as the compensation which the attor-
ney is to receive, the attorney is only entitled to recover
from his client the reasonable value of his services.

P. 303

Appeal from the District Court of Chaves County;
John T. McClure, District Judge; reversed ,with direc-
tions to enter judgment for $25 in appellee's favor.

REID & HERVEY, Roswell, N. M., for appellant.

Appellee contends that he is entitled to be paid for
legal services the amount of attorney's fees provided for
in the note. 17 Idaho 364, 106 Pac. 299, 27 L. N. S. 111;
Peacock, Hunt & West Co. v. Thaggard, 128 Fed. 1005;
Camp v. Peacock, Hunt & West Co., 129 Fed. 1005, (af-
firmed) ; Watson v. Jones, 101 Ill. App. 572; Weston v.
Wiley, 78 Ind. 54; Burns v. Scroggins, 16 Fed. 734;
Jones on Mortgages, (6th ed.) vol. II, sec. 1606; Reed v.
Catlin, 49 Wis. 686, 6 N. W. 326; Bank v. Treadwell, 55
Cal. 379; Matheson v. Rogers, 84 S. Car. 459; 19 A. &
E. Ann. Cas. 1066.

Where an attorney is employed to foreclose a mortgage,
he is entitled to a reasonable fee for the services rendered,
and that the fee is based not upon a stipulation in the
note or mortgage, but upon the actual value of the ser-

vices rendered.  Elkin v. Rives, 35 So. 200, 82 Miss. 744; 27 Cyc. 1501; Jones on Mortgages, (6th ed.) vol. II, sec. 1925; Varnum v. Maserve, 8 Allen 158; Thompson v. Drennen, 95 Ala. 463, 10 So. 638; 3 A. & E. Enc. L. (2nd ed.) 419; People v. Delaware Co., 45 N. Y. 202.

Court below erred in holding in effect that there was fraud, mistake or error, by allowing appellee to recover more than the amount of the account stated.  Words & Phrases, vol. 1, p. 93, and cases cited; 1 A. & E. Enc. L. (2nd ed.) 442, 456; Harrison v. Henderson, (Kan.) 72 Pac. 878; Auzerais v. Naglee, 74 Cal. 60, 15 Pac. 371; 1 A. & E. Enc. L. (2nd ed.) p. 460; 1 Cyc. 454, 455; Brown v. Gise, 14 N. M. 282, 91 Pac. 719.

W. E. ROGERS, Roswell, N. M., for appellee.

A stipulation for attorney's fees in a note such as in this case is as much a contract as if it were written on a separate piece of paper.  Wilson Sew. Mach. Co. v. Moreno, et al., 7 Fed. Rep. 806.

Appellee's employment was a general one and not limited to the drawing of the foreclosure notice; therefore, he was entitled to the fee provided for in the note.  Bosley v. Pease, 32 S. W. 148; 3 Am. Enc. L. (2nd ed.) 431; Tinsley v. Moore, 25 S. W. 148; Marrel v. Hoyt, 18 S. W. 424; Neese v. Riley, 14 S. W. 65; Montgomery v. Crassthwait, 24 Am. St. 832; Bank of Comomerce v. Fuqua, 28 Am. St. R. 461; Wingley v. Matson, 24 Am. St. Rep. 335; Bowie v. Hall, 9 Am. St. R. 433.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellee instituted suit before a Justice of the Peace in Chaves County to recover the sum of $85.00, alleged to be due him from the appellant as attorney's fees.  In the Justice Court appellant interposed a plea to the jurisdiction of the Justice of the Peace, which was overruled, and thereupon it declined to plead further and judgment was rendered in favor of appellee for the sum prayed in his complaint.  Appel-

lant appealed to the District Court, and there conceded the jurisdiction of the Justice of the Peace, whereupon appellee moved for judgment of the District Court affirming the judgment of the Justice of the Peace, which motion was overruled, and which ruling of the Court is assigned as error by appellee upon a cross appeal. The **1** assignment is wholly without merit, as the case, in the District Court, is triable *de novo,* upon the merits under our statute.

The facts necessary to be stated to understand the question raised by appellant, by his assignment of errors, may be briefly stated as follows:—Appellant held a power of sale mortgage, securing a note which provided, upon default, for ten per cent. additional upon the amount of principal and interest unpaid "for attorney's fees, if placed in the hands of an attorney for collection." The mortgagor being in default, appellant consulted appellee, as an attorney, relative to the procedure to be taken by it to foreclose the mortgage and its rights under the mortgage and had him draw a pencil memorandum of a notice of sale which appellant caused to be published as required by law. Appellant sold the property under the notice of sale for $850.00, which was sufficient to cover the principal, interest and costs of sale, not including any charge, however, for attorney's fees. Appellee claims that he is entitled to 10% of the amount due on the note, at the time of sale as attorney's fees, by reason of the stipulation in the note above set out. Appellant, on the other hand, insists that he is only entitled to reasonable compensation, and as the evidence introduced upon the trial in the District Court, without dispute, shows that $25.00 is the reasonable value of the services performed by appellee, his recovery should be limited to that amount. There was some claim made by appellant to the effect that there was an account stated between the parties for $10.00 as compensation, but as appellee testified that this sum was for only a part of the work done by him, viz: drawing the notice of sale, and did not include advice and consultation,

we will not consider the question, but will treat it as not being involved in the case.

It will thus be observed that the question in the case is as to whether or not the stipulation in a note of a fixed percentage as attorney's fees, is the measure of compensation between attorney and client, where a dispute arises between them as to the attorney's compensation, in the absence of a contract, express or implied, fixing such amount as compensation. Upon the question no authorities have been cited by either party, but on principle it would seem that the question must be answered in the negative. The stipulated amount in the note is the limit of the payee's right to recover from the payor, and is inserted solely for his benefit, and to compensate him for damages and expense entailed upon him by reason of the payor's default. As between payee and his attorney, in the absence of a contract, express or implied, the attorney is not limited to the percentage stated in the note, nor does it measure his compensation. He is entitled to recover only the reasonable value of his services. As the undisputed facts in this case show that the reasonable value of appellee's services, based upon the *quantum meruit* are $25.00, this cause is reversed and the District Court is directed to enter judgment in appellee's favor for said sum, and it is so ordered.

SYLLABUS (BY THE COURT)

