[No. 2250, May 8, 1919.]
## POINTER v. LEWIS.

### SYLLABUS BY THE COURT.

1. Where, on appeal from a justice of the peace court to the district court, an itemized statement is demanded by the defendant in conformity with section 4149, Code 1915, and none is furnished, the plaintiff cannot, over defendant's objection, prove the items of his account in district court. The furnishing of such statement on proper demand is a prerequisite to proof of items therein at the trial.     P. 262

2. The procedure in the district court on appeal does not follow that of the justice court, and, where a demand is made after appeal to the district court in that court for an itemized statement, on which the claim or defense is based, such statement must be furnished before proof can be made upon the claim or defense in the district court.     P. 262

3. The district court on appeals from the justice of the peace courts is a court of limited jurisdiction, in this, that it looks to the record and papers of the justice court for its jurisdiction to try de novo on appeal; but the district court is not bound by the procedure of the justice court when trying the case de novo on appeal.     P. 263

Appeal from District Court, Chaves County; McClure, Judge.

Suit in justice court by J. T. Pointer against W. R. Lewis, with cross-complaint by defendant. Judgment in justice court for plaintiff, and from the judgment of the district court, on appeal in favor of plaintiff, less the defendant's claim, he appeals. Reversed and remanded, with instructions to enter judgment for defendant for the amount of his counterclaim.

J. C. GILBERT, of Roswell, for appellant.

Testimony tending to prove items in an account was improper because appellant demanded production of itemized account and appellee failed to furnish same. Sec. 4449 Ann. Stat. of N. M., 1915; Orange Co. v. Carmichel Co., 17 N. M. 69; 1 C. J. 652, § 157, N. 60; Tuttle v. Wilson, 44 N. W. 10; Lonsdale v. Oetman, 52 N. W. 131; Scott v. Frost, 36 Pac. 910; Sanchez v. Dickson, 19 N. Y. Sup. 733.

J. T. Evans, of Roswell, for appellee.

Appellant's objection was not sufficiently specific to raise the proposition he now urges.

Case being appealed to district court, procedure of justice of peace court should have been followed. Barruel v. Irwin, 2 N. M. 198; Sec. 3224, Code 1915; Sec. 3189, Code 1915; Sec..4149, Code 1915; Sec. 3189, Code 1915.

## STATEMENT OF FACTS.

The appellee herein brought suit in the justice court of precinct 13, Chaves county, N. M., claiming an indebtedness of $68.90. To this complaint the appellant filed a cross-complaint setting up that appellee was indebted to appellant in the sum of $9.50 after allowing all just debts, credits, and offsets. Judgment was rendered by the justice in favor of the appellee and against the appellant for the sum of $62.75. Appeal was taken by the appellant to the district court, where, before trial, appellant made a written demand on the appellee for an itemized statement of his claim, the service of which demand was admitted by the appellee at the trial. The district court, over the appellant's objection that he had not been furnished with an itemized statement within the time required by law, admitted testimony and allowed the appellee to testify from a book of accounts in proof of the amount of his claim. The district court rendered judgment against the appellant and in favor of the appellee for $62.40, being the amount found due appellee ($71.90), less $9.50, appellant's counterclaim. Appellant introduced no evidence in the district court except a verified cross-complaint which he had filed in the justice court. From the judgment of the district court the appellant appeals to this court, and assigns as error the action of the district court in admitting evidence over his objection after failure of appellee to furnish an itemized statement of the account within the time required by law.

### OPINION OF THE COURT.

RAYNOLDS, J. (after stating the facts as above). [**1, 2**] Section 4149 of the Codification of 1915, upon which appellant relies for a reversal of the judgment of the district court, is as follows:

"It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after the demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular."

This statute, as applied to suits begun in the district courts, was construed in Orange County Sawmill Co. v. Carmichael, 17 N. M. 69, 121 Pac. 608, where it was held that, when a demand is properly and seasonably made under this statute for an itemized statement, and none is furnished within the time required by law, evidence offered at the trial by the party failing to furnish such statement is properly excluded. The appellee, however, contends that this statute applies only to suits originating in the district court, and that, when a case is appealed from the justice court, the procedure of the justice courts should be followed, and cites section 3224, Codification of 1915, in support of his contention. The statute referred to is as follows:

"The case upon such appeal shall be tried de novo and the same rules shall govern the district court in said trial that are prescribed for the government of justice courts."

This statute just quoted has been construed many times by this court, but the exact point raised in this case has not been decided; that is, whether or not a district court is bound to follow the procedure of the justice courts in cases appealed therefrom. It has been held under this section that the district court in a trial de novo may render its independent judgment even in cases involving the discretion of the justice court. State v. Coats, 18 N. M. 314, 137 Pac. 597. It has also been held that, when a case is tried anew on appeal in the district court, judgment may be rendered in it as if such case

had originated in the district court. Crolot v. Maloy, 2 N. M. 198. The district court may allow all necessary amendments to pleading in a case appealed from the justice court to the district court. Sanchez v. Luna, 1 N. M. 242. The Constitution (article 6, § 27) provides that all appeals from the justice courts to the district courts shall be tried de novo unless otherwise provided by law. The appellee cites Barruel v. Irwin, 2 N. M. 223, in support of his contention, but in that case the question only of the jurisdiction was involved; the court holding that on such an appeal from the justice court to the district court the district court looked to the papers sent up by the justice for the purpose of determining whether or not the justice had jurisdiction in the first instance. If the justice court had jurisdiction in the first instance, then the case seems to infer that the district court would proceed to try it de novo according to district court procedure. We believe this to be the proper construction of this statute.

[3] The district court on appeals from the justice courts had no jurisdiction to try such cases unless the justice court had jurisdiction. The case of Barruel v. Irwin is limited to that point, and not to be extended so as to bind the district courts to the rules and procedure of the justice courts. In this case the appeal had been taken and the case set for trial in the district court. The appellee was seasonably notified under section 4149, Codification 1915, to furnish a copy of the account which was the basis of his claim. This appellee failed to do, and we are of the opinion that the court erred in admitting evidence of this account when a copy of the same had been demanded and the same not furnished within the time required by law. There are other errors assigned by the appellant, but, in the view we take of the case, it is not necessary to consider them.

The case is therefore reversed and remanded, with instructions to enter judgment for appellant for $9.50; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.