95 P.2d 673

**STATE v. GONZALES.**

No. 4471.

Supreme Court of New Mexico.

Oct. 16, 1939.

Rehearing Denied Nov. 20, 1939.

Luis E. Armijo, of Las Vegas, for appellant.

Filo M. Sedillo, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

MABRY, Justice.

Appellant was tried and convicted in a Justice of the Peace Court in San Miguel County on the charge of hunting and killing one doe, and was sentenced to pay a fine of $50, together with an additional amount as court costs.

From this judgment and sentence an appeal was taken to the District Court where the case was tried de novo. Upon the trial in District Court defendant was likewise found guilty and was sentenced to pay a fine of $100 together with costs of $100.

The prosecution before the Justice of the Peace was instituted under the provisions of Chapter 117, Laws of 1931, by which act Justice of the Peace is expressly given jurisdiction over such game law violations.

A timely motion, supported by brief, was filed by the Attorney General to dismiss the appeal upon the ground that appellant by his præcipe called for less than the complete record and proceedings, and that no assignment of error was included in such præcipe, in violation of section 1, rule XII, of Supreme Court rules. A ruling upon this motion was reserved until the case should be heard upon its merits.

The motion is not well taken. The one point relied upon for reversal has been clearly enough stated and argued in appellant's brief, and, moreover, there is no showing of prejudice to the state because of the failure of appellant to properly assign error and include it in the record. State v. Apodaca, 42 N.M. 544, 82 P.2d 641.

Appellant in seeking reversal relies upon one point of error, viz., that the Justice of Peace before whom the case was originally tried had a pecuniary interest in the matter for the reason that his costs must, under the circumstances existing in that county, come from defendant upon conviction if they were to be collected at all, and that defendant was thus unconstitutionally deprived of due process of law, under authority of the leading and well reasoned case of Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243, 1248.

Appellant probably would not urge the disqualification of the Justice of Peace but for particular circumstances shown by stipulation of the District Attorney and counsel for defense to the effect that under the practice in San Miguel County "no Justice of the Peace Court costs or fees are paid by the Board of County Commissioners of the County of San Miguel in misdemeanor cases * * *". There is no showing that the Justice of the Peace in this case was relying upon defendant for his costs and fees or that he knew of the practice of the county in not paying them in proper cases.

Chapter 87 of the Laws of 1935 with reference to costs of Justice of the Peace pro-

vides: "Section 1. Hereafter Justices of the Peace, who, at the instance of any county or state law enforcement agency, shall hold or try criminal proceedings, shall recover the costs allowed by law from the funds of the county treasurers of their respective counties; Provided, however, that the said Justices of the Peace shall, in the event the defendant is found guilty, attempt to recover said costs from said defendant."

This was in fact a prosecution at the instance of the District Attorney and was therefore within the class of costs for which the law authorized recovery from the funds of the county.

Appellant appeals from the judgment of the District Court and not from that of the Justice of the Peace. The trial before the District Court was de novo as are all appeals from Justice of the Peace courts. In trials de novo in the district Court from appeals from the courts of Justice of the Peace, the District Court hears the entire controversy anew.

Even the procedure to be followed in the District Court is not entirely that of the Justice of the Peace. Pointer v. Lewis, 25 N.M. 260, 181 P. 428. There must, of course, be jurisdiction of the person and the subject matter in the Justice of the Peace in the first instance (Barruel v. Irwin, 2 N.M. 223; Pointer v. Lewis, supra), but it was not questioned upon trial in the District Court nor is it questioned here that there was such jurisdiction.

This court has in many cases discussed the question of the nature and effect of appeals from the judgments of Justices of the Peace, and it is not necessary to do more here than to cite some of the authorities. See Crolot v. Maloy, 2 N.M. 198; State v. Coats, 18 N.M. 314, 137 P. 597; Rogers v. Kemp Lumber Co., 18 N.M. 300, 137 P. 586, 51 L.R.A.,N.S., 594; Pointer v. Lewis, supra; Geren & Hammond v. Lawson, 25 N.M. 415, 184 P. 216; Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577.

If we gave no further latitude to appellant's claim of error than he does himself, viz., a denial of due process under the federal constitution, U.S.C.A.Const. Amend. 14, it would be a sufficient answer to say that whatever the fact in regard to pecuniary interest of the Justice of Peace in his costs, the appellant thereafter had a trial de novo before a District Judge free from this interest. This would meet the requirements of due process. In other words, the federal constitution does not afford a guaranty of due process twice in the same case any more than our constitution guarantees to jury trials in the same case. See City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141.

However, another consideration fairly within the scope of the error assigned presents itself.

Section 18 of Article 6 of the New Mexico Constitution provides: "No judge of any court nor justice of the peace shall, ex-

cept by consent of all parties, sit in the trial of any cause in which either of the parties shall be related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or *in which he has an interest.*" (emphasis ours)

It does not appear that appellant is relying upon this constitutional provision, but rather upon the due process of law clause of the 14th amendment to the Federal Constitution. Nevertheless, if appellant's contention were correct the action of a Justice of the Peace in sitting in the trial of a case in which he had "an interest" unless waived, would likewise violate the above provision of our own constitution, and relief would be afforded.

█ No man may sit in judgment upon his own case. To permit it would violate the one fundamental principle underlying the theory of impartial administration of justice. This axiom of law needs no citation of authority to give it vitality or strengthen its force.

█ The "interest" which would disqualify must be, however, something more than a remote, inconsequential or purely indirect one. And, such interest is interpreted by the courts in the light of the public policy of the state and in the interest of justice and the due performance of the functions of the court. See Tumey v. Ohio, supra; Wellmaker v. Terrell, 3 Ga.App. 791, 60 S.E. 464; In re Guerrero, 69 Cal. 88, 10 P. 261; Ex parte State Bar Ass'n, 92 Ala. 113, 8 So. 768, 12 L.R.A. 134; Ex parte McCoy, 33 N.B. 605; Herbert v. County Com'rs of Baltimore County, 97 Md. 639, 55 A. 376, and notes in 50 A.L.R. 1256. So, if there were merit to the contention that the Justice of the Peace had a disqualifying interest because his costs might, under the circumstances, have to come from the defendant if found guilty, which, we suggest without deciding, is doubtful, there is another reason why the contention cannot avail appellant here.

█ █ We have held that this disqualifying language used in our Constitution is not absolute and the parties may waive it. Kavanaugh et al. v. Delgado et al., 35 N.M. 141, 290 P. 798; Gutierrez v. Middle Rio Grande Conservancy District, 34 N.M. 346, 282 P. 1, 70 A.L.R. 1261; Tharp v. Massengill, 38 N.M. 58, 28 P.2d 502, 510.

"We have no statute governing the time and manner of raising objection and waiver ordinarily will be presumed unless and until objection is made", we said in Tharp v. Massengill, supra.

█ It does not appear from the record that the question of any disqualifying interest of the Justice of the Peace was ever suggested in that court. And, there is no showing of concealment of any material fact from appellant, assuming there were any to conceal. On the contrary, it appears that this question was first raised in the District Court upon appeal and trial de novo. We hold, therefore, that the objection came too late, even if otherwise it could be considered good.

Finding no error the judgment is affirmed and it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.