419 P.2d 964

Ernest WOODS and Thula Mae Woods,
Plaintiffs-Appellants,

v.

VAN WALLIS TRAILER SALES COM-
PANY, Defendant-Appellee.

No. 7973.

Supreme Court of New Mexico.

Nov. 7, 1966.

**122**

Traub, Parham & Zuris, Albuquerque, for appellants.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellee.

## OPINION

MOISE, Justice.

Plaintiffs-appellants appeal from the trial court's refusal to grant rescission of an agreement to purchase a new mobile home, and restitution of monies paid. On September 24, 1962 the parties entered into a purchase order agreement for a new 1962 Chickasha mobile home. Defendant-appellee agreed to accept in trade appellants' New Moon trailer and grant a credit of $1,450.00. Appellants made a down payment of $1,570.65, leaving an unpaid balance of $5,714.70 to be paid over a 7-year period. After credit for the cash payment and trade-in were allowed, a chattel mortgage and note dated October 9, 1962, were executed by both appellants, calling for 84 monthly payments of $115.72, or a total of $9,720.48, including insurance, the $164.70 extra for the skylight, and finance charges.

When the mobile home in question arrived from the manufacturer it differed from the one ordered in three respects. It was a 1963 model, instead of a 1962 model; the attached expandable room was approximately one foot narrower than the one ordered; and, it had a skylight at an additional cost of $164.70.

Appellants' principal contention is to the effect that Ernest Woods, the husband, being head of the community with sole power to manage, control and dispose of the personal property of the community, never had accepted the house trailer delivered by appellee, and that accordingly they were entitled to rescind the contrast.

Complaint is made that the court found that the acts of the wife were performed on behalf of the husband and were authorized by him, and that there is no evidence to support the same. Without detailing the proof as to what transpired between appellee and appellants, and who was present on each occasion, it is sufficient to point out that after the discrepancies or deficiencies in the trailer tendered to appellants were known, and they had expressed their dissatisfaction, the wife, with or without authority, withdrew the objections, whereupon the new trailer was delivered to appellants' lot in Los Lunas. A few days later the husband authorized removal by appellee of the old trailer in which they had been living and which was traded in on the new one. This was in the nature of a partial payment as provided in the purchase agreement. Also, after a washing machine had been removed from the old trailer and placed

in the new one, the husband paid for installation of gas lines in the trailer to comply with the New Mexico code, although the court found that was to be done without expense to appellants.

We are impressed that the brief recounting of the facts above discloses that if proof of the wife's authority is not sufficient to support the court's finding to that effect, at least it does support the court's conclusion that the appellants, by their words and conduct, accepted the trailer. Whether this results from authority -or ratification we do not consider material.

After having a reasonable opportunity to inspect and with full knowledge of the trailer's defects, the making of partial payments, performing acts of dominion, as well as acts inconsistent with any intention to rescind, amount to an acceptance or ratification. Terry v. Humphreys, 27 N.M. 564, 203 P. 539; § 50A–2–606(1), N.M.S.A.1953; Park County Implement Co. v. Craig (Wyo.1964) 397 P.2d 800. There is no question that the appellants had the right, had they chosen to do so, to reject the tendered non-conforming goods. § 50A–2–601, N.M.S.A. 1953. However, the burden was on appellants to make a timely and unequivocal rejection. if they did not intend to accept the goods as delivered. § 50A–2–602, N.M.

S.A. 1953; Hudspeth Motors, Inc. v. Wilkinson, 238 Ark. 410, 382 S.W.2d 191.

Grandi v. LeSage, 74 N.M. 799, 399 P.2d 285, is clearly distinguishable. There the buyer accepted the goods without knowledge of the non-conformity and it was quite proper to allow revocation of acceptance under § 50A–2–608, N.M.S.A.1953.

Nor do we find merit in appellants' contention that since the retail installment contract was not completed before signing, as required by § 50–15–7, N.M.S.A.1953, the appellants have the right of rescission. Assuming, without deciding, that the provision is applicable, the right to rescind under § 50–15–7(A) (3), N.M.S.A. 1953, by its own language applies only to "a buyer who has not received delivery".

Appellants further contend that the dealings between the parties were not "fair and equitable" as the trial judge concluded. They contend that the appellee attempted to collect $164.70, the price of the sky-light, twice, by adding it onto the retail installment contract and also by attempting to collect it in cash. We hold that this contention has no merit.

Finding no error, the judgment appealed from is affirmed.

It is so ordered.

NOBLE, J., and LaFEL E. OMAN, J., Court of Appeals, concur.