486 P.2d 606

**SOUTHERN UNION GAS COMPANY, a corporation, Plaintiff-Appellee,**

v.

**William H. TAYLOR and Jutta Taylor, Defendants-Appellants.**

**No. 9212.**

Supreme Court of New Mexico.

June 7, 1971.

Rehearing Denied June 30, 1971.

Motion for Leave to File Second Motion for Rehearing Denied July 12, 1971.

William H. Taylor, pro se.

Botts, Botts & Mauney, Gerald R. Cole, Albuquerque, for appellee.

OPINION

OMAN, Justice.

This suit was brought in the Magistrate Court of Bernalillo County to recover the final four installments due on a "Retail Installment Contract" under which plaintiff sold and installed a used circulating heater in defendants' home. Defendants counterclaimed. The magistrate found the issue in favor of defendants and entered judgment against plaintiff on its claim and for defendants on their counterclaim. Plaintiff appealed to the district court. Appeals from the magistrate court to the district court are determined by trial de novo in the district court. Sections 36–15–3(A) (C), 36–15–4 and 36–21–42(g), N.M.S.A. 1953 (Repl.Vol. 6, 1964, Supp.1969).

The district court entered summary judgment for plaintiff, and defendant, William H. Taylor, has appealed to this court. We affirm.

Appellant asserts three separate points upon which he relies for reversal. By his first point he claims "THE TRIAL

COURT ERRED IN OVERTURNING JUDGMENT OF LOWER COURT WITHOUT REVIEW." There is no merit to this contention. There is nothing to show the trial court failed to consider the matters he was required to consider by District Court Rule 56(c) [§ 21–1–1(56) (c), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. If appellant is trying to urge that findings made by the magistrate court, which were incorporated in the judgment of that court, raised issues of fact which precluded the district court from properly entering a summary judgment, he is in error. No claim is made that the district court was precluded from or in any way limited in proceeding under the Rules of Civil Procedure for the District Courts, and particularly under Rule 56 [§ 21–1–1(56), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. Although appellant has made no reference thereto, § 36–15–3(A), supra, does provide:

> "Appeals from the magistrate court shall be determined by trial de novo in the district court, and all laws, rules and regulations governing the magistrate court shall govern the trial in the district court."

A similar statutory provision concerning appeals from a justice court to the district court was considered in Pointer v. Lewis, 25 N.M. 260, 181 P. 428 (1919), wherein it was held the district court in a trial de novo may render its independent judgment even in cases involving the discretion of the justice court, and, when a case is tried anew on appeal in the district court, judgment may be rendered by the district court as if the case had originated in that court. See also Reece v. Montano, 48 N.M. 1, 144 P.2d 461 (1943); State v. Coats, 18 N.M. 314, 137 P. 597 (1913).

■ As above shown, our statutes expressly provide appeals from a magistrate court to the district court shall be determined by trial de novo. We consider this to mean "anew," as did this court in Pointer v. Lewis, supra. See also, Lewis v. Baca, 5 N.M. 289, 21 P. 343 (1889). This view is in accord with Black's Law Dictionary at 1677 (4th Ed. 1951), wherein "trial de novo" is defined as: "A new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below."

If the district court were in any way bound by the findings of the magistrate court, it would not be a trial de novo, or a trial anew.

Under his second point, appellant claims. "THE TRIAL COURT ERRED IN GRANTING * * * SUMMARY JUDGMENT AS A MATTER OF LAW ON THE GROUND OF LACHES." His argument apparently is that the trial court must have relied upon the doctrine of laches, since the lapse of time here in question was less than the statutory limitation period; laches cannot be predicated solely upon a lapse of time; there was nothing but a lapse of time before the trial court to support laches; and, consequently, the trial court erred in granting the summary judgment.

The pertinent facts, established by the record, and very largely by an affidavit in support of the motion for summary judgment, and which are in no way controverted, are as follows:

Appellant paid 32 of the 36 monthly installments under the contract. The first notice by him to appellee of his claims that the heater was inadequate and improperly installed was given by his answer to appellee's complaint filed in the magistrate court seeking recovery of the remaining four installments, and this was three years and ten days after installation of the heater. If the heater or its installation failed in any respect to comply with the contract, it was appellant's duty to reject the same within a reasonable time after the installation and after reasonable opportunity for inspection. Sections 50A–2–602 and 606, N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962); Woods v. Van Wallis Trailer Sales Company, 77 N.M. 121, 419 P.2d 964 (1966).

It appears from the record that appellant claimed a failure of performance by the heater from the date of installation, and at

some time he removed it from his home and stored it in his garage. In his reply brief he states he "never used the heater more than a few days," and that he took it down and stored it in a weatherproof outbuilding. In spite of this, he kept the equipment, continued making payments thereon for some 32 months, and gave appellee no notice of any claimed defect until suit was filed against him three years after the delivery and installation of the heater. In Woods v. Van Wallis Trailer Sales Company, supra, it was stated:

> "After having a reasonable opportunity to inspect and with full knowledge of the trailer's defects, the making of partial payments, performing acts of dominion, as well as acts inconsistent with any intention to rescind, amount to an acceptance or ratification. * * *"

 In our opinion the conduct of appellant could properly be construed only as an acceptance, and the trial court was not concerned with the principle of laches.

By his third point, appellant claims prejudice on the part of the district court in presiding over the case. There is nothing in the record to support or even suggest prejudice on the part of the district judge, and appellant bases his arguments very largely upon matters not found in the record. Matters not disclosed by the record fall outside the scope of our appellate review and will not be considered. Supreme Court Rule 17(1) [§ 21–2–1(17) (1), N.M.S.A.1953 (Repl.Vol. 4, 1970)]; Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968); General Services Corp. v. Board of Com'rs., 75 N.M. 550, 408 P.2d 51 (1965); Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964).

Appellee requests that we award it a reasonable attorney's fee, or direct the trial court, in its discretion, to award such a fee. No question of an attorney's fee was presented to the trial court. Appellee urges the allowance of a fee to discourage and prevent frivolous litigation. It was appellee who first initiated the suit, lost in the magistrate court, and then appealed to the district court. It was properly within its rights in so doing, but, because appellant defended himself successfully in the magistrate court, lost in the district court and then appealed to this court, we are not inclined to award appellee an attorney's fee for the purpose of discouraging or preventing frivolous litigation.

The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.