530 P.2d 943

Application of the CARLSBAD IRRIGA-
TION DISTRICT and the United States
Department of the Interior, Bureau of
Reclamation, File No. 6, for a Permit to
Transfer Irrigation Storage Capacity in
Alamogordo Dam and Reservoir to Los
Esteros Dam and Lake and to Provide Ad-
ditional Irrigation Storage Capacity in Los
Esteros Dam and Lake.

FORT SUMNER IRRIGATION DIS-
TRICT, Appellant,

v.

CARLSBAD IRRIGATION DISTRICT
et al., Appellees.

No. 9892.

Supreme Court of New Mexico.

Oct. 18, 1974.

Rehearing Denied Nov. 11, 1974.

Hinkle, Bondurant, Cox & Eaton, Paul
W. Eaton, Jr., Paul J. Kelly, Jr., Roswell,
for appellant.

David L. Norvell, Atty. Gen., Roy G.
Hill, Sp. Asst. Atty. Gen., Paul L. Bloom,
Asst. Atty. Gen., Santa Fe, McCormick,
Paine & Forbes, Carlsbad, for appellees.

Sutin, Thayer & Browne, Albuquerque, amicus curiae.

## OPINION

OMAN, Justice.

Carlsbad Irrigation District (Carlsbad) and the United States Bureau of Reclamation made application to the State Engineer (Engineer) for authority to transfer water storage rights from Alamogordo Lake, located behind Alamogordo Dam on the Pecos River, to Los Esteros Lake to be created behind Los Esteros Dam to be constructed on the Pecos River some 60 miles upstream from Alamogordo Dam.

After a hearing, the Engineer entered his findings and order approving the application, subject to certain conditions. Fort Sumner Irrigation District (Fort Sumner) thereupon appealed to the District Court of Guadalupe County pursuant to the provisions of § 75–6–1, N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1968, Supp.1973). After a trial on the merits, the district court entered judgment affirming the findings and order of the Engineer. Fort Sumner has appealed from that judgment. We affirm.

Fort Sumner relies upon three separately stated points for reversal. We shall consider these points in a different order from that of their presentation in the briefs. The first is that "a de novo hearing requires the trial [district] court to do more than merely affirm the findings of the State Engineer."

In Farmers Development Co. v. Land & Irrigation Co., 18 N.M. 1, 133 P. 104 (1913), the statute involved provided for a hearing de novo in the district court, "except that evidence which may have been taken in the hearing before the territorial engineer and [the Board of Water Commissioners] and transcribed, may be considered as original evidence in the district court."

In deciding the scope of a de novo proceeding, subject to this stated exception, we held:

"The court may consider such evidence as has been introduced before the board and engineer, and transcribed and filed with it, but it also hears additional evidence, and is not called upon to determine whether the engineer or the board of water commissioners erred in the action taken and order entered, but must form its own conclusion and enter such judgment as the proof warrants and the law requires. It does not review the discretion of the engineer or the board, but determines as in this case it was required by the issue presented, whether appellee's application to appropriate water should be granted. The court, in order to form a conclusion upon the issues, was necessarily required to determine, for itself, whether there was unappropriated water available, whether the approval of the application would be contrary to the public interest, and all other questions which the engineer was required, in the first instance, to determine." 18 N.M. at 9–10, 133 P. at 106.

The holding in Farmers Development Co. v. Land & Irrigation Co., supra, as to the scope of a de novo hearing or review is in accord with our holding on this question in the more recent case of Southern Union Gas Company v. Taylor, 82 N.M. 670, 486 P.2d 606 (1971). In the Southern Union Gas Company case the question was the scope of a trial de novo in the district court on appeal from a magistrate court. We held that a "trial de novo" means a trial "anew," and "[i]f the district court were in any way bound by the findings of the magistrate court, it would not be a trial de novo, or a trial anew."

By way of dicta in Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221 (1955), it was stated that we could see room within the full scope of the holding in the Farmers Development Co. case for the district court to give weight to a merited finding of the Engineer "and still preserve the *de novo* trial provided for." We also spoke approvingly of that portion of the decision of the Arizona court in Manning v. Perry, 48

Ariz. 425, 62 P.2d 693 (1936), wherein it declined to overturn a decision of the State Engineer, unless it was without support in the evidence, was contrary to the evidence, or was the result of fraud or a misapplication of the law, even though the appeal to the district court from the State Engineer was a trial de novo.

In Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763 (1963), we undertook to give effect to our views announced in Spencer v. Bliss, supra. In referring to Farmers Development Co. v. Land & Irrigation Co., supra, we stated:

"[T]o the extent that it permits the district court, on appeal from a decision of the state engineer, to hear new or additional evidence, and based thereon to form its own conclusion, that decision is expressly overruled." 71 N.M. at 467, 379 P.2d at 764.

We also held in the Kelley case that the district court review of decisions of the Engineer:

" * * * is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority." 71 N.M. at 467, 379 P.2d at 764.

The parties in the present case agree that the Kelley decision prompted the adoption by our Legislature of a joint resolution to submit to the people, at a special election subsequently held on November 7, 1967, what is now art. XVI, § 5 of the Constitution of New Mexico. This section provides:

"In any appeal to the district court from the decision, act or refusal to act of any state executive officer or body in matters relating to water rights, the proceeding upon appeal shall be de novo as cases originally docketed in the district court unless otherwise provided by law."

The only provision of law which relates directly to the nature of these appeals, and which was enacted as a part of an amendment to a prior section of our statutes, is § 75–6–1(E), N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1968, Supp.1973). It provides:

"E. The proceeding upon appeal shall be de novo as cases originally docketed in the district court. Evidence taken in a hearing before the state engineer may be considered as original evidence subject to legal objection, the same as if the evidence was originally offered in the district court. The court shall allow all amendments which may be necessary in furtherance of justice and may submit any question of fact arising therein to a jury or to one [1] or more referees at its discretion."

There can be no doubt that the constitutional and statutory provisions for a proceeding "de novo as cases originally docketed in the district court" are inconsistent with our decision in Kelley v. Carlsbad Irrigation District, supra, insofar as we held that on appeals from the engineer: (1) The district court cannot hear new or additional evidence. (2) The district court cannot form its own conclusions based upon new or additional evidence. (3) The district court's review of a decision of the Engineer:

" * * * is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority." 71 N.M. at 467, 379 P.2d at 764.

Clearly, our district courts, which are our courts of original trial jurisdiction, are not so limited in deciding the issues in "cases originally docketed" in those courts. They are our principal courts of record in which is vested the power to find facts. They also have the power to form conclu-

sions based upon those facts, and to enter enforceable judgments, orders and decrees supported by those facts and conclusions.

█ The only pertinent difference between the regular procedures followed by our district courts in disposing of cases originally docketed before them and appeals de novo from the Engineer is the provision of § 75-6-1(E), supra, which allows consideration by those courts of the evidence taken in a hearing before the Engineer. No limitations have been placed by law upon the power of our district courts in these appeals to find facts, make conclusions of law and enter such judgments, orders and decrees as are proper to dispose of the issues.

Fort Sumner argues that the district court purported to affirm the findings and order of the Engineer, rather than make its own findings of fact and conclusions of law and enter its own judgment based thereon. This, it asserts, amounts to less than the proceedings de novo contemplated by art. XVI, § 5, supra, and § 75-6-1(E), supra.

At the very outset of the trial, it was agreed among the district court and counsel for the parties that the evidence adduced at the hearing before the Engineer would be considered and the parties could offer any additional relevant evidence they desired. Fort Sumner presented much additional evidence by way of the testimony of six witnesses, and no party was in any way foreclosed or limited in the presentation of evidence it possessed and wished to present.

█ The fact that many of the district court's findings are very similar to the findings of the Engineer in no way establishes that the district court did not consider the evidence anew. After all, the ultimate issues to be decided and the ultimate facts to be determined by the district court were the same as those decided and determined by the Engineer. Several of the witnesses, and especially the expert witnesses, testified concerning the Engineer's

findings and decision. The validity of his findings and decision became the principal issue in the trial. Although the Engineer was not called as a witness, we see no reason why he cannot properly be called to testify in these do novo proceedings. He has far greater expertise in the resolution of issues of fact arising in connection with the administration of our water laws than do most, if not all, of our judges, and this expertise should ordinarily be made available to the fact finder in appeals from his orders.

█ Fort Sumner also contends that by concluding "the State Engineer did not act fraudulently, arbitrarily or capriciously in rendering his decision" and in affirming "the findings and order of the State Engineer," the district court acted inconsistently with its responsibilities in de novo proceedings. We agree that the court had no duty to conclude one way or the other as to whether the Engineer acted fraudulently, arbitrarily or capriciously in rendering his decision, since these were not issues in the de novo proceedings. We also agree that the court could and should have recited the substance of its judgment, rather than merely affirming the findings and decision of the Engineer. However, we fail to understand how either of these facts deprived Fort Sumner of a trial de novo.

A reading of the complete transcript on appeal convinces us that the parties were accorded a full de novo hearing in the district court.

The remaining two points are concerned with Fort Sumner's contentions that the district court adopted as a part of one of its conclusions the conditions imposed by the Engineer in granting the application by Carlsbad and the Bureau of Reclamation. The court's conclusion reads:

"The granting of the application, subject to the conditions attached by the State Engineer, will have no detrimental effect on the rights of others having valid and existing rights to the use of the water of the Pecos River stream system."

The conditions attached by the Engineer were:

"[N]o water shall be released from Alamogordo Reservoir when the water content of that reservoir is 2,500 acre-feet or less. This condition shall not be construed in any way to limit or interfere with passing water through Alamogordo Reservoir in satisfaction of the rights of the Fort Sumner Irrigation District."

"[W]ater released from Los Esteros Reservoir for use by the Carlsbad Irrigation District shall not be passed through Alamogordo Reservoir until the water content of the latter is at least 5,000 acre-feet; the water content in Alamogordo Reservoir in excess of 2,500 acre-feet may be released upon the termination of the release from Los Esteros Reservoir."

The argument is that since these conditions constitute a part of the district court's conclusion, that portion of the conclusion—the conditions—is not supported by any finding of fact. Therefore, the conclusion must fail, and in turn the judgment based thereon must also fail. Star Realty Co. v. Sellers, 73 N.M. 207, 387 P. 2d 319 (1963); Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95 (1958). It is recognized by Fort Sumner that the conditions may be considered as findings of fact. Therefore, it further argues that there is no substantial evidence to support these findings.

As above stated, several of the witnesses expressly referred to the Engineer's findings and decision. The particular portions thereof to which they directed their testimony were these conditions imposed by the Engineer. We shall not detail the testimony which we feel constitutes substantial evidence in support of these conditions, but we have read the entire transcript on appeal and are convinced that the evidence in support thereof meets the test of substantiality as defined in Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967) and Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855 (1963), upon which Fort Sumner relies.

The judgment of the district court should be affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.