IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

SEAN KNIGHT,

    Petitioner-Appellee/Cross-Appellant,

v.                                                                          NO. 28,941

DARDANELLES FOUNDATION
and LYDA McCORMICK,

    Respondents-Appellants/Cross-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Egolf Law Firm, LLC
Brian F. Egolf, Jr.
Santa Fe, NM

for Appellee/Cross-Appellant

Elion Law Firm, P.C.
Gary D. Elion
Santa Fe, NM

for Appellants/Cross-Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

This case arises from a landlord-tenant dispute. On appeal, Dardanelles Foundation and Lyda McCormick (together called "Tenant") raise six issues

surrounding eviction from the premises: (1) Tenant's district court complaint precluded the magistrate court from ruling on the petition for restitution filed by Sean Knight (Landlord), (2) the district court abused its discretion by failing to find retaliatory eviction, (3) the notices of eviction sent by Landlord to Tenant were invalid, (4) Tenant's eviction was improperly executed during the pendency of the appeal, (5) the district court failed to conduct a trial de novo on the issues decided by the magistrate court, and (6) the district court was without jurisdiction to reconsider Tenant's request for attorney fees. On cross-appeal, Landlord raises only the issue of attorney fees. This Court proposed to summarily affirm the district court on the issues raised by Tenant and proposed to summarily dismiss Landlord's cross appeal. Landlord did not file a memorandum in opposition to summary dismissal. Tenant filed a timely memorandum in opposition. We remain unpersuaded by five of Tenant's arguments, and we affirm the district court on those issues. Based on Tenant's sixth argument, we dismiss Landlord's cross appeal. We address each argument in turn.

**A.      Petition for Restitution**

Tenant argues that the magistrate court should not have allowed Landlord's petition for restitution to proceed because Tenant had already filed a complaint in district court, which arose from the same transaction or proceeding. [DS 4] Tenant

2

contends that Landlord's claim for restitution was thus properly a compulsory counterclaim, which had to be brought in response to Tenant's previously filed district court action. [DS 4] This issue was not raised in or ruled on by the district court and is therefore not preserved for our review.

It is well established that the district court, in an appeal by trial de novo, is not bound by the findings of the magistrate court. *S. Union Gas Co. v. Taylor*, 82 N.M. 670, 671, 486 P.2d 606, 607 (1971). "[O]n a de novo appeal, the district court is not reviewing the correctness of proceedings in the lower court." *State v. Hoffman*, 114 N.M. 445, 446, 839 P.2d 1333, 1334 (Ct. App. 1992). "Instead, the district court is required to make an independent determination of the issue before the court." *Id.* Therefore, although Tenant filed a motion to dismiss in magistrate court that was based on the compulsory counterclaim theory, there is nothing in the record to indicate that Tenant raised similar concerns for the district court's consideration.

In addition, on appeal, this Court reviews the proceedings in the district court and not the proceedings in the magistrate court. *See* Rule 1-072(P) NMRA. Tenant's first question presented in the docketing statement requests us to consider a perceived error made by the magistrate court, but those proceedings are not now before us. [DS 4]

**B.     Retaliatory Eviction**

Tenant contends that the district court abused its discretion by not finding that Landlord engaged in retaliatory eviction. [DS 4] Tenant argues that there was overwhelming evidence that all rent was paid and that Landlord did not commence eviction proceedings until after Tenant complained about mold on the premises. [DS 4] Therefore, Tenant argues, the eviction was groundless and retaliatory under NMSA 1978, § 47-8-39 (1999). The trial court found that "there is sufficient basis and cause for [Landlord] to conclude that there is sufficient cause to terminate the lease for violations thereof, [i.e.,] excessive number of dogs, untimely rental payments, and [Landlord] remedied the problem with the premises in a timely and appropriate manner." [RP 087] In light of the trial court's findings, we consider not whether there was an abuse of discretion, but instead whether substantial evidence supports the trial court's finding that there was a sufficient basis for eviction. *See Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 22, 123 N.M. 60, 933 P.2d 859 ("When the trial court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error.").

Landlord presented evidence at trial regarding late rent payments, Tenant's violation of the lease regarding excessive animals on the property, and Landlord's efforts to remedy the mold problem. [RP 80-82] The record establishes that Tenant also produced evidence to support its position—that all rent was paid and that the

4

dispute arose only after Tenant raised the issue of mold. [RP 74-75] Nevertheless, the reviewing court views the evidence in the light most favorable to the prevailing party and disregards evidence and inferences to the contrary. *Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089. We therefore hold that substantial evidence supported the trial court's finding that sufficient basis existed to evict Tenant.

**C.     Notices of Eviction**

Tenant argues that the district court erred as a matter of law by failing to find that the notices of eviction sent by Landlord to Tenant were invalid under NMSA 1978, Section 47-8-37(B) (1975). [DS 5] Section 47-8-37(B) requires that an owner terminate a month-to-month lease "at least thirty days prior to the periodic date specified in the notice." Before the litigation in this case began, Landlord sent Tenant four separate notices of eviction—none of which provided thirty days notice. [RP 032-35] We are not persuaded, however, that the district court's failure to identify these notices as invalid is reversible error.

Landlord did not pursue eviction proceedings pursuant to the invalid eviction notices. Instead, when the difficulties between the parties were not resolved, Landlord filed a petition for restitution in magistrate court under NMSA 1978, Section 47-8-42 (1975). [RP 031] The magistrate court acted on that petition and issued a writ of

restitution pursuant to NMSA 1978, Section 47-8-46(A) (1995). [RP 003] Section 47-8-46(A) directs "the sheriff to restore possession of the premises to the plaintiff on a specified date not less than three nor more than seven days after entry of judgment." *Id.* The June 9, 2008, eviction occurred as a result of writ of restitution issued by the magistrate court, and it was not based on the invalid notices of eviction sent to Tenant before the start of litigation. After the writ of restitution issued from the magistrate court, the illegality of the evictions notices was irrelevant to the analysis of the propriety of the eviction. Accordingly, we hold that the district court did not err as a matter of law by failing to find that the notices of eviction were invalid under Section 47-8-37.

**D. Execution of Eviction**

After the writ of restitution issued, Tenant's eviction was executed during the pendency of an appeal of the magistrate court's order. [RP 006-07] Tenant contends that there was no legal basis for eviction while a valid appeal was pending. [DS 5] NMSA 1978, Section 47-8-47(A) (1999) explains that an appeal "shall stay the execution of any writ of restitution," provided that if the appeal is brought by the resident, a certain portion of rent has been paid within five days of filing the notice of appeal. Tenant provided evidence that the necessary rent was paid and that the notice of appeal was filed before the sheriff executed the eviction. [RP 7, 10-15, 77-78]

Despite the apparently improper eviction, however, Tenant has failed to explain how the district court ruled unfavorably on this issue and what remedy should result.

Hours after the sheriff executed the eviction, Tenant filed an emergency application in district court for a temporary restraining order. [RP 006] The next morning, the district court issued the temporary restraining order, which was effective for ten days, and Tenant was allowed to return to the property. [RP 016] The restraining order was then extended for an additional ten days. [RP 023] After the second extension, there is no further mention in the record of either an additional extension or further attempts by Landlord to evict Tenant. Although it appears that the eviction on June 9, 2008, was improper due to the pending appeal, Tenant was restored to the property and there is nothing in the record to indicate that Tenant was again forced to leave. Tenant pursued the proper relief in district court—a restraining order to prevent eviction—and was afforded that relief. In the docketing statement, Tenant suggests no further relief, and we therefore perceive no error.

**E.     Trial De Novo**

Tenant next argues that the district court improperly affirmed the magistrate court instead of conducting a trial de novo and that the district court was required to make its own separate findings and conclusions. [DS 5] The record does not appear to support this argument. The parties engaged in discovery for the district court

proceeding. [RP 052, 072] A trial was conducted. [RP 070] Both parties submitted detailed written closing arguments. [RP 74-78, 80-84] The district court's order states that the court "heard the testimony and received the evidence at trial." [RP 087] There is nothing in the record to indicate that the district court did not consider the evidence anew, despite the lack of written findings and conclusions. *See In re Application of Carlsbad Irrigation Dist.*, 87 N.M. 149, 152, 530 P.2d 943, 946 (1974).

Tenant contends that the failure to enter independent findings of fact and conclusions of law is a violation of district court Rule 1-072, which allows for de novo trials in appeals from magistrate court. [DS 5] Rule 1-072, however, does not require the district court to enter findings and conclusions. Rule 1-072(N) states that "[t]he district court shall dispose of appeals by entry of an appropriate order disposing of the appeal." Although "[t]he court in its discretion may accompany the order with a formal or memorandum opinion," the rule does not require the district court to make findings and conclusions. *Id.* The district court entered an order, as required by Rule 1-072(N), reflecting its conclusions. [RP 087] We therefore affirm. *See S. Union Gas Co.*, 82 N.M. at 671, 486 P.2d at 607 ("There is nothing to show [that] the trial court failed to consider the matters he was required to consider[.]").

**F.    Attorney Fees**

The district court issued its final order on August 21, 2008, and denied

8

Landlord's request for attorney fees as part of the order. [RP 087-88] Tenant filed a notice of appeal on August 22, 2008. [RP 089] On August, 25, 2008, Landlord filed a motion for reconsideration, requesting the district court to reconsider its denial of attorney fees. [RP 094] The district court issued a ruling denying Landlord's motion to reconsider on October 2, 2008. [Landlord DS 1] Landlord appeals this order. Tenant argues on appeal that after the notice of appeal to this Court was filed, the district court lost jurisdiction to entertain such a motion for reconsideration. [DS 5] We agree with Tenant.

The order on the motion to reconsider was issued after Tenant filed his notice of appeal. "A pending appeal divests a trial court of jurisdiction to take further action that would affect the judgment on appeal." *Edens v. Edens*, 2005-NMCA-033, ¶ 32, 137 N.M. 207, 109 P.3d 295. In the present case, the substantive issues were fully disposed, the district court's decision "contains decretal language consistent with a final, appealable order," and the district court directly addressed the issue of attorney fees. *Id.* As a result, "[t]here was no issue left open on this matter to decide." *Id.* Accordingly, the district court had no jurisdiction to entertain Landlord's motion, and the October 2, 2008, order is void. *See id.*

Once mandate has issued from this Court on Tenant's appeal, the district court will regain jurisdiction to evaluate any outstanding issues, including Landlord's

motion to reconsider.  Landlord did not file a memorandum in opposition to our proposed disposition, and "[f]ailure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993).

For the reasons set forth above, we affirm the district court in part and hold that the October 2, 2008 order denying Landlord's motion to reconsider is void. Landlord's cross appeal is dismissed.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**RODERICK T. KENNEDY, Judge**