This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LANA CAROL MUSE,**

    Petitioner-Appellee,

v.                                                                                    **NO. 29,696**

**JACK LEROY MUSE,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Lana Carol Muse
Clovis, NM

Pro Se Appellee

Jack Leroy Muse
Clovis, NM

Pro Se Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Respondent seeks to appeal from an order granting in part and denying in part

his motion for an accounting. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for want of a final order. Respondent has filed a supplemental response, which is in the nature of a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

As we noted in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "For purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985).

As we previously indicated, the order from which Respondent has appealed does not appear to resolve the underlying issues to the fullest extent possible. To the contrary, the order specifically contemplates further proceedings. [RP 1639-1644]

Although dismissal of the action with prejudice is indicated as a potential outcome by a specified deadline, [RP 1644] the order does not appear to be self-effectuating, and we find nothing in the record to indicate that an order of dismissal has been entered.

In his supplemental response, Respondent asserts that he has had conversations of an apparently informal (and ex parte) nature with the staff at the district court, in an effort to obtain an order that fully and finally resolves the issues. [MIO 2] He contends that he has been informed that the district court judge intended the order to be final and, consequently, that nothing further shall be forthcoming. [MIO 2] However, this Court is not at liberty to consider Respondent's assertions, insofar as they are based on communications outside the record. *See, e.g.*, *Chavez v. Lovelace Sandia Health Sys., Inc.*, 2008-NMCA-104, ¶ 37, 144 N.M. 578, 189 P.3d 711 (illustrating that communications off the record are not before us on appeal). *See generally S. Union Gas Co. v. Taylor*, 82 N.M. 670, 672, 486 P.2d 606, 608 (1971) ("Matters not disclosed by the record fall outside the scope of our appellate review and will not be considered.").

Moreover, even if we were inclined to credit Respondent's assertions about the district court's position on the finality of the underlying order, Respondent's timely filing of a motion for reconsideration [RP 1648] conclusively establishes that the

appeal is not properly before us at this juncture. As the New Mexico Supreme Court recently explained, when a party files a timely motion challenging a determination of the rights of the parties, the determination is not final and the time for filing an appeal does not begin to run until the district court enters an express disposition on the motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. Therefore, the filing of Respondent's post-judgment motion renders the appeal premature. Only after the district court has entered a written order ruling on the motion, as required by Rule 1-054.1 NMRA, may an appeal properly be pursued.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is dismissed.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**

4

_____
**MICHAEL E. VIGIL, Judge**