This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LION'S GATE WATER,**

   Plaintiff-Appellant,

v.                                                         **NO. 29,895**

**NEW MEXICO STATE ENGINEER,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Robert S. Simon
Albuquerque, NM

for Appellant

Office of the State Engineer
DL Sanders, Chief Counsel - Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

   Lion's Gate Water (Lion's Gate) appeals the district court's order affirming the

decision of the New Mexico State Engineer (State Engineer) that the water in the Rio

Grande was fully appropriated. In our notice, we proposed to affirm the district court. Both parties have timely responded. We have considered their arguments and affirm.

Plaintiff first contends that the district court applied the wrong standard in reviewing the State Engineer's decision. In our notice, we proposed to conclude that the district court had applied the correct standard. Since that notice, the New Mexico Supreme Court has made clear the standard to be applied in appeals to the district court from the State Engineer's decisions. *Lion's Gate Water v. John D'Antonio*, 2009-NMSC-057, ¶ 17, ____ N.M. ____, ____ P.3d ____. In that case, the Supreme Court explained that the de novo standard of review was limited to the issues before the State Engineer. Thus, in this case, as in the Supreme Court case, the district court's review was a de novo review limited to whether the water of the river from which Lion's Gate sought an appropriation had been fully appropriated. Contrary to Lion's Gate's assertion on appeal, the record shows that the district court reviewed de novo the motions for summary judgment and reached its own conclusions. **[RP vol. V, 1269-73]**

Lion's Gate's continued reliance on *In re Application of Carlsbad Irrigation Dist.*, 87 N.M. 149, 530 P.2d 943 (1974), is misplaced. As the Supreme Court explained in *Lion's Gate*, that case simply reiterated that the district court was not limited to a record review and was free to determine whatever was necessary to

2

dispose of the issue decided by the State Engineer. *Lion's Gate*, 2009-NMSC-057, ¶ 35. *Carlsbad Irrigation* does not support Lion's Gate's claim that the district court can consider any issue raised by a water rights application.

Lion's Gate continues to argue that it presented issues of material fact regarding whether the Rio Grande had been fully appropriated. However, as we pointed out in our notice, the facts presented do not go to that issue, but rather to whether the appropriations were unlawful. Lion's Gate's memorandum simply restates the factual assertions that it made below. **[MIO 6-18]** This Court has already reviewed those assertions and concluded that they do not create issues of material fact going to whether or not the river water has been fully appropriated.

We conclude that the district court properly reviewed de novo the summary judgment motion and response and determined that Lion's Gate had not asserted any material issues of fact regarding the State Engineer's assertion that the water of the Rio Grande was fully appropriated. Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

3

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**