561 P.2d 945

**CITY OF FARMINGTON,**
**Plaintiff-Appellee,**

v.

**Franklin D. SANDOVAL,**
**Defendant-Appellant.**

**No. 2816.**

Court of Appeals of New Mexico.

March 1, 1977.

Louis Denetsosie, Window Rock, Ariz., for defendant-appellant.

Jay Burnham, Asst. City Atty., Farmington, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The municipal court convicted defendant of violating two Farmington ordinances. He appealed to the district court. After an evidentiary hearing, defendant was again convicted of the ordinance violations. Defendant now appeals the district court judgment. He claims: (1) the evidence was insufficient for conviction, and (2) the district court improperly imposed a sentence greater than the sentence imposed by the municipal court. Because the second claim has not been previously decided by New Mexico appellate courts, Farmington's motion for summary affirmance is denied.

### The Evidence Claim

Defendant's brief makes no effort to review the evidence. The brief states: "Defendant will, without briefing the matter, have the Court of Appeals decide whether or not there was sufficient evidence to support conviction based on the record."

We need not decide whether the civil or criminal appellate rules apply to this case. Civil Appellate Rule 9(d) states:

"A contention that a . . . finding of fact is not supported by substantial evidence will not ordinarily be entertained unless the party so contending shall have stated in his initial brief the substance of all evidence bearing upon the proposition, with proper references to the transcript."

Criminal Appellate Rule 501(a)(3) requires "a short résumé of all facts relevant to the issues presented for review, with appropriate references to the record proper and transcript of proceedings." Whichever of the quoted rules apply, defendant violated the rule.

The consequence of the rule violation is that we will not review the evidence; rather, we accept the findings of the trial court. *Perez v. Gallegos,* 87 N.M. 161, 530 P.2d 1155 (1974); *Lacy v. Holiday Management Company,* 85 N.M. 460, 513 P.2d 394 (1973); *General Services Corp. v. Board of Com'rs,* 75 N.M. 550, 408 P.2d 51 (1965); *Irwin v. Lamar,* 74 N.M. 811, 399 P.2d 400 (1964).

The trial court found that 1) defendant operated a motor vehicle while under the influence of intoxicating liquor and 2) defendant failed to give immediate notice of an accident. The trial court also found that these two actions were violations of specific ordinances which were in full force and effect. These are the facts before this Court.

### The Sentence Claim

The municipal court sentence for the driving under the influence offense was a $150.00 fine and a thirty-day jail sentence. Twenty days of the sentence was suspended on condition that the fine be paid in sixty days. The sentence for failure to give notice was a $100.00 fine.

The district court sentence for the driving under the influence offense was a fine of $150.00 and a twenty-day jail sentence. The sentence for failure to give notice was a $100.00 fine.

The difference between the sentences was the jail term. Because the district court did not suspend any of the jail term it imposed, the effect was an increase in the amount of jail time required to be served. This was an increase in the sentence. See *State v. Soria,* 82 N.M. 509, 484 P.2d 351 (Ct.App.1971).

Defendant's claim is that he "[could] not . . . be subjected to greater punishment" in appealing his municipal court conviction to the district court.

Section 38–1–11, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) states:

"If the judgment of the municipal court in the action is affirmed or rendered

against the defendant on appeal, the district court shall enter judgment imposing the same, *a greater* or a lesser penalty as that imposed in the municipal court in the action." (Emphasis added.)

The statute authorizes the greater penalty imposed in this case. The question is whether the statute is constitutional.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the defendant had been convicted and sentenced to prison; the conviction was reversed and upon retrial defendant was again convicted. The sentence imposed after retrial was greater than the original sentence. *Pearce,* supra, holds that the greater sentence was neither a violation of double jeopardy nor a denial of equal protection of the law. *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) reaffirmed the *Pearce* holding that a greater penalty on reconviction did not amount to double jeopardy. See also *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

■ Defendant would have us disregard *Pearce, Colten* and *Chaffin,* supra, and apply California decisions holding that the greater sentence amounts to double jeopardy. See *People v. Henderson,* 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963); *Application of Ferguson,* 233 Cal.App.2d 79, 43 Cal.Rptr. 325 (1965). For the reasons stated in *Pearce,* supra, we hold a greater sentence on retrial is not a violation of double jeopardy.

*North Carolina v. Pearce,* supra, also discussed whether a greater sentence on retrial would be contrary to due process. The concern was with vindictiveness against a defendant for having successfully attacked his first conviction. To avoid both vindictiveness and the apprehension of vindictiveness (see *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973) ), *Pearce* outlined certain requirements which must be met to insure that the greater sentence does not violate due process. Discussion of these requirements is unnecessary in this case because our factual situation differs from *Pearce,* supra.

*Pearce,* supra, involved a retrial in the same court after reversal of the original conviction. This case involves an "appeal" from the municipal court to the district court. Although characterized as an "appeal", the district court proceeding is a trial do novo. Section 38–1–13, N.M.S.A.1953 (2d Repl.Vol. 6); see N.M.Const., Art. VI, § 27. A trial de novo is a trial "anew", as if no trial whatever had been had in the municipal court. Section 21–10–1, N.M.S.A. 1953 (Repl.Vol. 4). If the district court were in any way bound by the proceedings in the municipal court "it would not be a trial de novo, or a trial anew." *Southern Union Gas Company v. Taylor,* 82 N.M. 670, 486 P.2d 606, 607 (1971).

The de novo trial in the district court is a trial in a court different from the court which imposed the original sentence. The district court is not doing over what it thought it had already done correctly; it is not even reviewing the correctness of the proceedings in the municipal court. The district court trial is as if no trial had been held in the municipal court. Because of these distinctions, *Colten v. Kentucky,* supra, held the possibility of vindictiveness did not inhere in the de novo trial in that case and there was no violation of due process. See *Chaffin v. Stynchcombe,* supra; Compare *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

The "appeal" in this case from the municipal court to the district court, where the trial was de novo, is similar to the "appeal" and de novo trial in *Colten v. Kentucky,* supra. *Colten* is applicable to this case. We hold that the greater sentence imposed by the district court after a trial de novo did not deprive defendant of due process.

■ Defendant suggests that a greater sentence should be prohibited because the possibility of a greater sentence has a "chilling effect" on the exercise of his right to appeal. There are two answers to this claim: 1. There was no "chilling effect" on defendant; he took an appeal to the district court. 2. Requiring defendant to choose between accepting the risk of a

greater sentence or foregoing his "appeal" is not constitutionally impermissible under the facts of this case; the choice is defendant's. See discussion in *Chaffin v. Stynchcombe,* supra.

Defendant contends that we should not follow the United States Supreme Court decisions cited in this opinion. Defendant urges us to impose a "more strict" constitutional standard. He advances no reason why we should do so. The hazard of a greater sentence upon trial de novo is not fundamentally unfair.

The judgment and sentences of the district court are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.