731 P.2d 982

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Jimmie R. HICKS, Defendant-Appellee.**

No. 9449.

Court of Appeals of New Mexico.

Dec. 18, 1986.

Certiorari Denied Jan. 26, 1987.

Paul G. Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

GARCIA, Judge.

This appeal by the state concerns the power of district courts to dismiss criminal charges because of a delay in the filing of a criminal complaint. We discuss: (1) whether the district court erred in denying the state a de novo review on appeal from metropolitan court; (2) the considerations that should apply to motions to dismiss for unnecessary delay; and (3) whether the state's motion to amend the docketing statement was untimely.

The relevant facts are undisputed. Defendant was arrested for driving while intoxicated at approximately 10:30 p.m. on Saturday, September 21, 1985. He was

released the following day after posting bail of $100. However, it was not until eight days later, on October 1st, that a criminal complaint was filed. Defendant moved to dismiss the charge on the ground that a criminal complaint was not filed "forthwith" as required by NMSA 1978, Metro.Rule 38(d) (Repl.1985). Rule 38(d) states:

> When a law enforcement officer makes an arrest without warrant he shall take the arrested person to the nearest available metropolitan court without unnecessary delay. In such cases, a complaint shall be filed forthwith by the law enforcement officer and a copy given to the defendant forthwith.

Similar requirements are contained in the rules for municipal and magistrate courts. *See* NMSA 1978, Magis.Crim.R. 4(d) (Repl. 1985) and NMSA 1978, Mun.R. 5(e) (Repl. 1985). The metropolitan court found that the complaint was not filed forthwith and dismissed the charge. The district court affirmed the dismissal, finding that dismissal under Metro.Rule 38(d) is discretionary and that the state had failed to demonstrate an abuse of the metropolitan court's discretion.

## DISTRICT COURT REVIEW

■ The state argues that the district court erred in applying an appellate standard of review to affirm the metropolitan court's dismissal of the complaint. The state contends that the district court was instead required to make an independent determination of whether the "forthwith" requirement in Metro.Rule 38(d) was complied with. We agree.

The New Mexico Constitution grants a right of appeal from the final judgments and decisions of inferior courts to the district courts, providing that, "in all such appeals, trial shall be had de novo unless otherwise provided by law." N.M. Const. art. VI, § 27. *See Smith v. Love*, 101 N.M. 355, 683 P.2d 37 (1984); NMSA 1978, Metro.R. 71(b) (Repl.1985). Defendant claims the district court proceeding in this case was not a "trial" in the ordinary sense and, therefore, a de novo proceeding was not

required. This argument is not consistent with the meaning of the word "appeal" in the context of art. VI, Section 27.

In the recent case of *State v. Ball*, 104 N.M. 176, 718 P.2d 686 (1986), the supreme court defined the right of appeal in art. VI, Section 27 as the right to have a cause removed from an inferior to a superior court. Although overruling this court's decision on the merits, the supreme court agreed with our analysis in the appendix to *Ball* that art. VI, Section 27 authorizes legislative changes only in the procedural form of the appeal. As noted in this court's decision in *Ball*, 718 P.2d at 698, the legislature *has* provided for appellate review of civil actions in the district court by making the metropolitan court a court of record in civil cases. *See* NMSA 1978, § 34–8A–6(B) and (D) (Repl.Pamp.1981); NMSA 1978, Metro.R. 76 (Repl.1985).

Because criminal actions in metropolitan court are still not of record, the right of appeal in such actions is the right to a trial or hearing de novo in the district court. *See* § 34–8A–6; Metro.R. 71. In de novo proceedings, the district court is not in any way bound by the proceedings in the lower court. *See City of Farmington v. Sandoval*, 90 N.M. 246, 561 P.2d 945 (Ct.App. 1977). Accordingly, in this case it was incumbent upon the district court to make an independent determination of whether the "forthwith" requirement in Metro.Rule 38(d) was complied with. The cause is remanded to the district court for a determination of the issue consistent with the considerations set forth below.

## UNNECESSARY DELAY WARRANTING DISMISSAL

The question on remand is whether the nine-day delay between defendant's arrest and the filing of a criminal complaint constituted an unreasonable delay under Metro.Rule 38(d), justifying dismissal of the complaint.

A trial court's inherent power to dismiss cases for want of prosecution is not unfettered. *See United States v. Hudson*, 545 F.2d 724 (10th Cir.1976). Rather, dismissal

must be just and proper under the circumstances. *Cf. State v. Reyes*, 79 N.M. 632, 447 P.2d 512 (1968).

The procedural rule in question here, Metro.Rule 38(d), requires that a person arrested without a warrant be taken before a judicial officer "without unnecessary delay," and that a complaint be filed "forthwith." Prior New Mexico cases have construed the statutory use of the terms "forthwith" and "immediately" to mean "with reasonable promptness and dispatch." *See State v. Slicker*, 79 N.M. 677, 682, 448 P.2d 478, 483 (Ct.App.1968); *State v. Garcia*, 78 N.M. 777, 779, 438 P.2d 521, 523 (Ct.App.1968); *State v. Montgomery*, 28 N.M. 344, 347, 212 P. 341, 342 (1923).

The court in *State v. Montgomery*, ruled that the term "forthwith" is necessarily elastic in meaning and must vary under the circumstances since "[i]t would be absurd to say than an officer must immediately in all cases go directly to the magistrate with his prisoner, regardless of * * * all other circumstances surrounding the transaction." 28 N.M. at 347, 212 P.2d at 341. Other states apply an equally flexible construction to the "forthwith" requirement. *See State v. Garton*, 2 Kan.App.2d 709, 586 P.2d 1386 (1978); *Hinse v. Burns*, 108 N.H. 58, 226 A.2d 865 (1967); *Gottfried v. People*, 158 Colo. 510, 408 P.2d 431 (1965).

When circumstances are such that the accused has been released from custody, or the delay in filing a complaint is not lengthy, courts in other jurisdictions have held that a dismissal of charges or reversal of the conviction is not justified. *See State v. Garton; Gottfried v. People; see also State in Interest of H.M.T.*, 159 N.J.Super. 104, 387 A.2d 368 (1978). We also find persuasive the interpretation given to Fed. Rule Crim.P. 5(a), which contains language identical to Metro.Rule 38(d). Federal courts hold that the purpose of the rule is to obtain an early determination of probable cause, to prevent unlawful detentions and to reduce the opportunity for secret police interrogation. *See United States v. Carignan*, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951); *United States v. Fernan-*

*dez-Guzman*, 577 F.2d 1093 (7th Cir.), *cert. denied*, 439 U.S. 954, 99 S.Ct. 351, 58 L.Ed.2d 345 (1978). Where those dangers are not implicated, a procedural violation provides no basis for dismissal. *See United States v. Jernigan*, 582 F.2d 1211 (9th Cir.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 592, 58 L.Ed.2d 666 (1978).

Under the federal rules, dismissal for untimeliness is pursuant to Fed.Rule Crim.P. 48(b). The federal rule embraces the concept of the court's inherent power of dismissal and was cited by our court in *State v. Lopez*, 99 N.M. 385, 658 P.2d 460 (Ct.App), *cert. denied*, 464 U.S. 831, 104 S.Ct. 111, 78 L.Ed.2d 113 (1983). Dismissal for delay under Rule 48(b) is discretionary. In exercising its discretion, the trial court may consider the same factors that are relevant in considering the constitutional right to a speedy trial. *See United States v. DeLuna*, 763 F.2d 897 (8th Cir.1985); *United States v. Becker*, 585 F.2d 703 (4th Cir.1978), *cert. denied*, 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50 (1979); *see also* 3A C. Wright, *Federal Practice and Procedure*, Crim.2d § 814 (1982). The factors to be balanced in ruling on a speedy trial claim are: (1) the length of delay; (2) the reason for delay; (3) whether and how defendant asserts the right; and (4) prejudice to defendant. *See State v. Kilpatrick*, 104 N.M. 441, 722 P.2d 692 (Ct.App.), *cert. denied*, 104 N.M. 378, 721 P.2d 1309 (1986).

We agree with the state that the speedy trial factors provide a useful guide to the courts in evaluating untimeliness claims under Metro.Rule 38(d) and the analogous magistrate and municipal court rules, Magis.Crim.Rule 4(d) and Mun.Rule 5(e). On remand, the district court should rule on defendant's motion in light of these factors and the foregoing discussion of applicable law.

**DOCKETING STATEMENT**

Defendant contends that the state's motion to amend the docketing statement was untimely. Defendant relies on the rule applicable to cases assigned to the summary calendar in which motions to amend must be filed prior to the expiration

of the time for filing a memorandum in opposition. *See State v. Norush,* 97 N.M. 660, 642 P.2d 1119 (Ct.App.), *cert. denied,* 98 N.M. 50, 644 P.2d 1039 (1982). However, the rule in *Norush* does not apply to cases that are reassigned from a summary to a non-summary calendar. In such cases, a motion to amend is considered timely when filed prior to the expiration of the original briefing time. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.), *cert. denied,* 100 N.M. 192, 668 P.2d 308 (1983). Under the *Rael* rule, the state's motion to amend was timely.

Defendant also contends that the state did not comply with other requirements in moving to remand. On the facts of this case, we conclude that the state's motion to amend was a motion to clarify its position. Because the issue as clarified was preserved at trial and because the docketing statement can be viewed as unclear rather than incomplete, the principle that favors resolving an appeal on the merits controls. *See Eller v. State,* 90 N.M. 552, 566 P.2d 101 (1977).

**CONCLUSION**

The judgment of the district court is reversed and remanded for a redetermination of defendant's motion consistent with this opinion.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.