839 P.2d 1333

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Bradley HOFFMAN, Defendant–
Appellant.**

**No. 13341.**

Court of Appeals of New Mexico.

Aug. 28, 1992.

Certiorari Denied Oct. 27, 1992.

Tom Udall, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Michael L. Danoff, Albuquerque, for defendant-appellant.

OPINION

BIVINS, Judge.

Defendant appeals from the district court's final order on a metropolitan court appeal. On appeal, Defendant argues that the district court should have granted his motion to dismiss because the case was not brought to trial in the metropolitan court within six months as required by SCRA 1986, 7–506(B) (Repl.1990). Other issues raised in the docketing statement but not briefed on appeal are deemed abandoned. *State v. Fish,* 102 N.M. 775, 777, 701 P.2d 374, 376 (Ct.App.), *cert. denied,* 102 N.M. 734, 700 P.2d 197 (1985). We hold that Defendant was required to demonstrate that he had preserved the issue by raising it in the metropolitan court. Because Defendant did not make this showing, the district court was not required to make a determination of whether the metropolitan

court six-month rule was violated. We affirm.

On February 1, 1991, Defendant was found guilty of driving while intoxicated (first offense) in metropolitan court. He appealed his conviction to district court. On May 7, 1991, prior to trial in district court, Defendant moved to dismiss the case for violation of Rule 7–506(B), the metropolitan court six-month rule. Defendant expressed to the district court that he was unsure as to whether he had made the six-month argument before the metropolitan court. Defendant argued that he was not required to file such a motion because the district court was required to make an independent determination concerning whether the metropolitan court six-month rule was violated. At trial, the district court stated that it was not required to go back and reconstruct every step that occurred at the metropolitan court level, nor was it required to hold an evidentiary hearing at which the attorneys who had handled the case in metropolitan court would testify as witnesses. Accordingly, the district court denied the motion.

On appeal, the State contends that Defendant was not entitled to raise the issue in district court because he had not raised it below and made a record on the issue. In support of its position, the State relies on cases holding that an issue may not be raised for the first time on appeal. Defendant contends that because district court proceedings are de novo, the district court was required to hear the matter and make an independent determination of the issue. In support of his position, Defendant relies on *State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct.App.1986), *cert. denied*, 105 N.M. 290, 731 P.2d 1334 (1987).

■ It is beyond dispute that a case appealed from the metropolitan court to the district court is heard de novo. *See* N.M. Const. art. VI, § 27; NMSA 1978, § 34–8A–6(C) (Repl.Pamp.1990); SCRA 1986, 7–703(I) (Repl.1990) (effective Sept. 1, 1990). When a case is heard de novo, it is as if no trial had been held in the matter below. *Southern Union Gas Co. v. Taylor*, 82 N.M. 670, 671, 486 P.2d 606, 607

(1971); *City of Farmington v. Sandoval*, 90 N.M. 246, 248, 561 P.2d 945, 947 (Ct. App.1977). Thus, on a de novo appeal, the district court is not reviewing the correctness of proceedings in the lower court. *Hicks*, 105 N.M. at 287, 731 P.2d at 983; *City of Farmington*, 90 N.M. at 248, 561 P.2d at 947. Instead, the district court is required to make an independent determination of the issue before the court. *Hicks*, 105 N.M. at 287, 731 P.2d at 983. Accordingly, as a general rule, the findings of fact and conclusions of the court below are not binding when the case is appealed and heard de novo. *Southern Union*, 82 N.M. at 671, 486 P.2d at 607.

■ Defendant's argument concerning the de novo nature of the proceedings in district court does not, however, take into account the nature of his rights under the six-month rule. The metropolitan court six-month rule confers a right on a defendant that is waived if not raised prior to trial. *See City of Farmington v. Joseph*, 91 N.M. 414, 416, 575 P.2d 104, 106 (Ct. App.1978); *cf. State v. Vigil*, 85 N.M. 328, 332, 512 P.2d 88, 92 (Ct.App.1973); *see also State v. Bishop*, 108 N.M. 105, 109, 766 P.2d 1339, 1343 (Ct.App.1988) (requested continuance results in limited waiver). We hold that, because Defendant failed to show the district court that he preserved the issue in metropolitan court, the district court was not required to make an independent determination of whether the metropolitan court six-month rule was violated.

■ We believe that this holding is consistent with the purpose of six-month rules generally. Six-month rules have become a common feature of the administration of the criminal law in this state. *See* SCRA 1986, 5–604(B) (Repl.1992) (criminal cases in district court); 6–506(B) (Repl.1990) (criminal cases in magistrate court); 8–506(B) (Repl.1990) (criminal cases in municipal court); *see also* 7–703(J) (Repl.1990) (effective Sept. 1, 1990) (criminal cases appealed to district court from metropolitan court). The purpose of the rule is to encourage the prompt and orderly disposition of criminal cases, not to effectuate dismissals. *See State v. Mendoza*, 108 N.M. 446,

448, 774 P.2d 440, 442 (1989); *State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982); *State v. Lucero*, 108 N.M. 548, 551, 775 P.2d 750, 753 (Ct.App.), *cert. denied*, 108 N.M. 433, 773 P.2d 1240 (1989); *Bishop*, 108 N.M. at 108, 766 P.2d at 1342. Accordingly, we think that it is appropriate to require a defendant to raise the issue in the metropolitan court.

We emphasize that our holding is based on the nature of Defendant's rights under the six-month rule, and is limited to holding that Defendant waived the issue by failing to raise it in the metropolitan court. This does not mean that the district court in de novo proceedings is limited to reviewing the record made on the issue in the metropolitan court, or that the district court sits as an appellate court on this issue. Once Defendant demonstrates in district court that he preserved the issue in metropolitan court, a showing not made in this case, the district court is required to make an independent determination of whether the metropolitan court six-month rule was violated. *See Hicks*, 105 N.M. at 287, 731 P.2d at 983.

The district court correctly denied Defendant's motion to dismiss. Defendant's conviction is affirmed.

IT IS SO ORDERED.

HARTZ and BLACK, JJ., concur.