Certiorari Denied, March 23, 2012, No. 33,481

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-042

Filing Date: February 15, 2012

Docket No. 30,558

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

WILLIAM SHARP,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Robert S. Orlik, District Judge

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Liane E. Kerr
Albuquerque, NM

for Appellee

OPINION

SUTIN, Judge.

{1}     In a de novo appeal from magistrate court, the district court dismissed with prejudice the charges against Defendant owing to a violation of Rule 6-506 NMRA, commonly referred to as "the six-month rule." The district court's stated reasons for dismissing the case were (1) the State's failure to respond, in writing, to Defendant's magistrate court motion to dismiss, and (2) the magistrate court's failure to provide a statement in the record as to the extraordinary basis pursuant to Rule 6-506(C)(5) upon which it found exceptional

1

circumstances to extend the time limit within which to hold a trial. On the State's appeal, we hold that the district court improperly treated the matter as an on-the-record appeal instead of as a de novo appeal and that the district court failed to apply Rule 6-506(E). We reverse and remand to the district court for an independent determination of whether, under the particular facts of this case, the violation of the six-month rule warranted dismissal.

**DISCUSSION**

**{2}** Defendant was charged in a criminal complaint filed March 16, 2009, with aggravated driving while intoxicated (DWI) and failing to maintain a lane. On March 23, 2009, Defendant filed a waiver of arraignment. This gave rise to the Rule 6-506(B)(1) requirement that Defendant's trial commence within 182 days, by September 21, 2009. On June 10, 2009, Defendant filed a motion to suppress. On July 31, 2009, with the State's consent, Defendant filed a motion to continue the trial scheduled for August 4, 2009. The trial was rescheduled for September 1, 2009. On September 1, 2009, the matter was vacated to allow a hearing on Defendant's motion to suppress, which was set for October 2, 2009. Also on September 1, 2009, jury selection was reset for October 6, 2009. On October 6, 2009, the trial was rescheduled for October 28, 2009. On October 2, 2009, Defendant filed a motion to dismiss for failure to comply with the six-month rule, which the magistrate court denied on October 5, 2009. Following the jury trial on October 28, 2009, Defendant was found guilty of the charges in the complaint.

**{3}** In Defendant's de novo appeal to the district court, he filed a motion to dismiss based on violation of the six-month rule and based on the State's failure in magistrate court to file a motion to extend the deadline for trial. At the hearing on Defendant's motion, Defendant acknowledged that the delays were to his benefit. The district court dismissed the case with prejudice, stating as grounds for dismissal that (1) the State had not responded to Defendant's magistrate court motion to dismiss, and (2) the magistrate court extended the time limit within which to hold a trial "without a statement on the record as to the extraordinary basis upon which it was to be extended."

**{4}** On appeal, the State argues that the district court erred in dismissing the case because the court relied on the former version of Rule 6-506(E) which mandated dismissal with prejudice for failure to comply with the six-month rule, rather than the current and applicable version of Rule 6-506(E), which affords the court discretion in determining whether to dismiss the case or to consider other sanctions as appropriate. The State also argues that Rule 6-506 was not violated in the first place because the delay was requested by and benefitted Defendant, and because the magistrate court correctly extended the time pursuant to Rule 6-506(C)(5).

**{5}** "We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of [the] case." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824. The appeal of a magistrate court decision to a district court is de novo. Rule 6-703(J) NMRA. In hearing a de novo appeal,

2

"the district court is not in any way bound by the proceedings in the lower court." *State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct. App. 1986). Further, the district court must independently determine whether the magistrate court rules were followed. *See id.* (stating that in a de novo appeal from a metropolitan court decision, "it was incumbent upon the district court to make an independent determination of whether" the law enforcement officer had complied with the metropolitan court rule requiring a criminal complaint to be filed "forthwith" in accordance with the then-applicable rule (internal quotation marks omitted)).

**{6}** The former version of Rule 6-506(E) mandated dismissal with prejudice in the event of non-compliance with Rule 6-506(B). *See* Rule 6-506 compiler's annots. (explaining that the 2008 amendment, effective January 15, 2009, to Subsection (E) changed "shall" to "may"). The former version was replaced with the current version of Rule 6-506(E) that allows the court to exercise discretion to dismiss the case for a violation of the six-month rule or to apply other sanctions, as appropriate, depending upon the circumstances of the case. *See Duran v. Eichwald*, 2009-NMSC-030, ¶ 15, 146 N.M. 341, 210 P.3d 238 (stating that all versions of the six-month rule, including Rule 6-506, were amended by a Supreme Court order to give courts discretion to decide whether the failure to timely commence trial should result in dismissal of the charges or whether some other sanction would be more appropriate).

**{7}** In the district court hearing on Defendant's motion to dismiss, Defendant's counsel advised the court that dismissal was mandatory, stating that "the fact remains that under the rule . . . if the . . . time is not extended then the court shall dismiss it, and it's a shall rule." The State did not seek to correct Defendant's incorrect statement of the law nor did the State alert the court to the current, discretionary version of Rule 6-506(E). Because there is no evidence in the record that the district court considered or applied any particular version of Rule 6-506(E) in this case, and because the State failed to preserve a Rule 6-506(E) issue by raising it in the district court, we do not consider this aspect of the State's argument. *See State v. Riley*, 2010-NMSC-005, ¶ 24, 147 N.M. 557, 226 P.3d 656 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." (alteration omitted) (internal quotation marks and citation omitted)); *State v. Garcia*, 2005-NMCA-065, ¶ 6, 137 N.M. 583, 113 P.3d 406 ("We generally do not consider issues on appeal that are not preserved below."); *see also State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

**{8}** The record does not support the district court's first stated ground for dismissal, which was that the State failed to respond in magistrate court to Defendant's written motion to dismiss. The record reflects that Defendant filed his written motion to dismiss in magistrate court at 11:48 a.m. on the day of the hearing on Defendant's motion to suppress, which was scheduled for 11:30 a.m., and also at which the magistrate court heard Defendant's argument on his motion to dismiss. Thus, although it is true that the State did not file a written response to the motion, it appears that the State did not have an opportunity to do so. The record does reflect that the State orally argued its opposition to Defendant's

motion to dismiss and that three days later the magistrate court, "having heard arguments of both parties[,]" entered a written order denying Defendant's motion to dismiss. Even if the district court's view of the proceedings in the magistrate court were accurate, it was error for the district court to base its dismissal on this rationale given that the failure of the State in the magistrate court proceedings to adhere to the formality of a written response in magistrate court motion practice should not be the subject of a district court's independent consideration in a de novo proceeding on the issue of a violation of the six-month rule. *Cf. Hicks*, 105 N.M. at 287, 731 P.2d at 983 (stating that in a de novo appeal "it [is] incumbent upon the district court to make an independent determination of whether the . . . [rules of magistrate court were followed]").

**{9}** The State's next contention is that the district court erred in determining that the magistrate court violated Rule 6-506. The magistrate court, acting on its own motion, extended the time to commence trial pursuant to Rule 6-506(C)(5), which states that

> [t]he time for commencement of trial may be extended by the court . . . upon a determination by the court that exceptional circumstances exist that were beyond the control of the state or the court that prevented the case from being heard within the time period provided that the aggregate of all extensions granted pursuant to this subparagraph may not exceed sixty . . . days[.]

In a written order, the magistrate court denied Defendant's motion to dismiss "due to circumstances in this case being outside the control of the State or the [c]ourt" and ordered that the time within which to commence trial would be extended for thirty days pursuant to Rule 6-506(C)(5). The State's position is that the magistrate court properly extended the time to commence trial and that, in doing so, acted in compliance with the rule. Citing *State v. Lobato*, 2006-NMCA-051, ¶¶ 26, 28, 139 N.M. 431, 134 P.3d 122, the State contends that because the delay was to Defendant's benefit and because he acquiesced in the delay, common sense supported the magistrate court's decision to extend the time within which to hold trial, and the district court should have concluded the same.

**{10}** Defendant argues that his motion to dismiss was properly granted because, as the district court held, the magistrate court failed to make a record of what was "the extraordinary basis upon which [the time within which to hold trial] was to be extended." Defendant argues that it was incumbent upon the magistrate court to make a written record of its findings and to specifically state the exceptional circumstances that warranted an extension of the six-month rule because the magistrate court's statement of exceptional circumstances was "clearly something which [was] necessary for review of this issue."

**{11}** We see no necessity for the requirement advanced by Defendant and the district court given that the appeal to the district court is not an on-the-record review but, instead, is de novo. Thus, were we to decide this case on this single circumstance, we would reverse the district court's ruling because no rule or case law required the magistrate court to create a record of what were the exceptional circumstances that led to its decision. For the reasons

4

explained later in this Opinion, we reverse the district court on other, broader grounds. Unlike appeals to this Court, in which we often afford deference to the discretionary decisions of the lower court, in de novo appeals from the magistrate court, the district court "is not in any way bound" by the magistrate court's decision, and it is "incumbent upon the district court to make an independent determination" of whether the magistrate court rules were followed. *Hicks*, 105 N.M. at 287, 731 P.2d at 983. A de novo appeal in the district court is conducted "as if the trial in the [magistrate] court had not occurred." *Foster*, 2003-NMCA-099, ¶ 9.

**{12}** In *Hicks*, the defendant was arrested, and a criminal complaint was filed eight days later. 105 N.M. at 286-87, 731 P.2d at 982-83. Then-applicable Metropolitan Court Rule 38(d) required the arresting officer to file a criminal complaint in the magistrate court "forthwith." *Id.* at 287, 731 P.2d at 983. The metropolitan court determined that the complaint had not been filed "forthwith" and dismissed the charge accordingly. *Id.* The district court, concluding that the decision whether to dismiss was left to the magistrate court's discretion and that the prosecution had failed to demonstrate that the metropolitan court had abused its discretion, affirmed the ruling. *Id.* The prosecution appealed to this Court, claiming that it was error for the district court to apply an appellate, rather than a de novo standard of review. *Id.* Agreeing with the prosecution, this Court remanded for the district court to independently consider, de novo, whether the officer had complied with the "forthwith" requirement of the metropolitan court rule. *Id.*

**{13}** Here, as in *Hicks*, the district court improperly engaged in an appellate, rather than a de novo review. Rather than basing its decision on an independent determination of whether the violation of the six-month rule warranted dismissal in this case, the district court reviewed the action of the magistrate court and dismissed the case based on what it believed was the magistrate court's error. The record does not reflect that the district court made an independent determination on the issue of violation of the six-month rule. Therefore, as in *Hicks*, we reverse the district court's ruling and remand for a de novo proceeding in which the district court shall independently determine whether dismissal was warranted under the facts of the case.

**CONCLUSION**

**{14}** We reverse the district court's dismissal of the case with prejudice and remand the case for de novo proceedings in accordance with this Opinion.

**{15} IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

5

**JAMES J. WECHSLER, Judge**


**RODERICK T. KENNEDY, Judge**

**Topic Index for *State v. Sharp*, Docket No. 30,558**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-ST | Speedy Trial |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DC | Dismissal of Charges |
| CA-DF | Delay in Filing |
| CA-TL | Time Limitations |
| | |
| **JD** | **JURISDICTION** |
| JD-AJ | Appellate Jurisdiction |
| JD-DC | District Court |
| JD-MC | Magistrate Court |