## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2013-NMSC-046

Filing Date:  September 19, 2013

Docket No. 33,650

CITY OF FARMINGTON,

       Plaintiff-Respondent,

v.

JUAN A. PIÑON-GARCIA,

       Defendant-Petitioner.

and

Docket No. 33,676

CITY OF FARMINGTON,

       Plaintiff-Petitioner,

v.

JUAN A. PIÑON-GARCIA,

       Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Karen L. Townsend, District Judge**

Bennett J. Baur, Acting Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Petitioner and Respondent

Jennifer Nicole Breakell
City of Farmington
Farmington, NM

1

for Respondent and Petitioner

**OPINION**

**CHÁVEZ, Justice.**

**{1}** In this case, we discuss the appropriate review by a district court of a municipal court's pretrial dismissal of a criminal complaint because the government's key witness failed to appear for the scheduled trial. Because the right of appeal from courts not of record is the right to a trial or hearing de novo in district court, N.M. Const. Art. VI, § 27; *State v. Hicks*, 1986-NMCA-129, ¶ 6, 105 N.M. 286, 731 P.2d 982, we conclude that the district court must make an independent determination of the merits of the pretrial motion, *id.*; *State v. Foster*, 2003-NMCA-099, ¶ 19, 134 N.M. 224, 75 P.3d 824.

**{2}** If district courts are not permitted to review a lower court's grant or denial of potentially dispositive pretrial motions on appeal, the power of lower courts to grant relief when constitutional safeguards and procedural rules, such as speedy trial, double jeopardy, or discovery rules, are violated would be meaningless. In addition, parties in courts of limited jurisdiction who believe they are entitled to a dispositive order as a remedy for a constitutional or procedural violation would effectively be deprived of the safeguards of the United States and New Mexico Constitutions and our procedural rules if a district court's de novo review of the lower court's ruling are bypassed in favor of a trial de novo on the underlying complaint.

**{3}** In this case, the district court rejected Juan Piñon-Garcia's (Piñon-Garcia) request for it to review a municipal court dismissal for an abuse of discretion. The district court also declined to independently consider Piñon-Garcia's motion to dismiss because the court believed it was compelled to proceed directly to a trial de novo. The Court of Appeals reversed on this issue. We affirm the Court of Appeals on the second issue and reverse the district court, remanding for its independent consideration of the motion to dismiss.

**BACKGROUND**

**{4}** In January 2009, Piñon-Garcia was arrested and charged in Farmington Municipal Court with three traffic offenses in violation of Farmington municipal ordinances. Piñon-Garcia pleaded not guilty to the charges. During the pretrial conference held on March 19, 2009, the municipal court entered an order scheduling a trial for May 5, 2009. On the notice of trial setting and order to appear, the municipal court ordered the arresting officer, Virgil Todacheeney (Officer Todacheeney), to appear at the trial, stating that if he did not appear, a warrant would be issued for his arrest.

**{5}** On the scheduled trial date, the municipal court granted Piñon-Garcia's pretrial motion to dismiss all three charges, including a DWI charge, because Officer Todacheeney, who was the only witness to observe Piñon-Garcia driving and who administered Piñon-

Garcia's breath alcohol test, did not appear. The City of Farmington (the City) appealed only the dismissal of the DWI charge to the district court for a trial de novo. During a pretrial hearing before the district court, Piñon-Garcia moved to dismiss the appeal, or alternatively to affirm the municipal court's dismissal of the charges. He argued that under *State v. Candelaria*, 2008-NMCA-120, ¶¶ 12, 15, 144 N.M. 797, 192 P.3d 792, the district court must review the dismissal for an abuse of discretion. The district court denied Piñon-Garcia's motion, stating in its order:

> It is undisputed that the officer who arrested the Defendant for driving while under the influence of intoxicating liquor or drugs did not appear for trial below in the Farmington Municipal Court on May 5, 2009. Upon Defendant's oral motion to dismiss at that time, the municipal court judge dismissed the charges against the Defendant with prejudice. The parties agree that for constitutional purposes, jeopardy had not attached.

The district court concluded that New Mexico Constitution Article VI, Section 27 precluded it from reviewing the municipal court order for an abuse of discretion, but rather required the district court to hold a trial de novo.

**{6}**    A trial de novo was held in district court, and this time Officer Todacheeney appeared and testified. Piñon-Garcia was convicted of a first offense, non-aggravated DWI. He appealed to the Court of Appeals, contending that the district court should have reviewed the municipal court's order of dismissal for an abuse of discretion. *City of Farmington v. Pinon-Garcia*, 2012-NMCA-079, ¶¶ 4, 6, 284 P.3d 1086.

**{7}**    The Court of Appeals reversed and remanded the case to the district court for a de novo review of the propriety of the municipal court's dismissal before proceeding to a trial de novo. *Id.* ¶¶ 1, 7. Both parties filed petitions for certiorari, which we granted. On appeal to this Court, Piñon-Garcia continues to assert that rulings by a municipal court pursuant to its inherent authority should be reviewed on appeal by the district court for abuse of discretion. The City argues that we should reverse the Court of Appeals because the district court conducted a proper de novo review of the municipal court's order of dismissal. The City also asks this Court to set forth specific guidelines for a district court's de novo review of pretrial motions.

## AUTHORITY OF MUNICIPAL COURTS

**{8}**    "Each municipal court has jurisdiction over all offenses and complaints under ordinances of the municipality and may issue subpoenas and warrants and punish for contempt." NMSA 1978, § 35-14-2(A) (1988). In addition, we have promulgated the Rules of Procedure for the Municipal Courts that govern the practice in those courts. *See* Rules 8-101 to 8-802 NMRA. As part of these rules, we have (1) empowered municipal court judges to sanction parties for the violation of discovery orders, which includes the authority to dismiss a case, Rule 8-504(F)(5) (such other order as it deems appropriate); (2) explained

their contempt power, Rule 8-110; and (3) authorized municipal judges to dismiss with prejudice a complaint or a citation filed against an individual if that person is not brought to trial within the time limits of our rules, Rule 8-506(E). Municipal court judges also must uphold the Constitutions of the United States and the State of New Mexico. N.M. Const. art. XX, § 1.

**APPEALS FROM MUNICIPAL COURTS TO DISTRICT COURTS CALL FOR HEARINGS OR TRIALS DE NOVO**

**{9}** The final judgments and decisions of a municipal court may be appealed to the district court for a trial de novo. N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions of . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."). In a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred. NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, *as if no trial had been had below*, except as otherwise provided by law." (emphasis added)); *State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855. However, when raised by a party, district courts also consider pretrial motions in de novo appeals. *Foster*, 2003-NMCA-099, ¶ 11 (quoting Rule 5-601(B) NMRA ("Any defense[, objection or request] which is capable of determination without a trial on the merits may be raised before trial by motion.")). The duty of the district court, when a party raises a pretrial motion in a de novo appeal, is to make an independent determination of the merits of the motion. *Foster*, 2003-NMCA-099, ¶ 19; *Hicks*, 1986-NMCA-129, ¶ 6.

**{10}** For example, in *Foster*, the defendant was tried in magistrate court, a court not of record, on a charge of aggravated DWI. 2003-NMCA-099, ¶¶ 1, 3. During the trial, defense counsel posed a question to a witness that resulted in the magistrate court judge granting a mistrial to the state. *Id.* ¶ 3. The following day, the state asked the judge to enter an order finding manifest necessity for the mistrial so that the defendant could be retried. *Id.* ¶¶ 3, 7. Over the defendant's objection, the magistrate court judge granted the state's motion. *Id.* ¶ 3. The defendant was subsequently tried and convicted. *Id.* ¶ 4. He appealed to the district court for a trial de novo and filed a pretrial motion with the district court to dismiss the complaint on double jeopardy grounds because there was not manifest necessity for granting the mistrial. *Id.* ¶¶ 3, 4; *see State v. Martinez*, 1995-NMSC-064, ¶ 8, 120 N.M. 677, 905 P.2d 715 (stating that when a mistrial is granted over the defendant's objection, retrial is not barred if the court finds manifest necessity). The district court denied the defendant's motion because it concluded that it did not have jurisdiction to review events that transpired in magistrate court. *Foster*, 2003-NMCA-099, ¶ 5.

**{11}** On appeal, the Court of Appeals reversed and remanded to the district court to independently review, de novo, the merits of the defendant's motion to dismiss. *Id.* ¶¶ 19-20. The *Foster* court cited several cases as examples of a district court's jurisdiction to review the merits of motions filed in lower courts. *Id.* ¶ 11 (citing "[*State v.*] *Wilson*, 1998-NMCA-

4

084, ¶ 20, 125 N.M. 390, 962 P.2d 636 (remanding to district court for hearing on defendant's motion to dismiss for speedy trial violation in magistrate court); *State v. Vigil*, 114 N.M. 431, 433, 839 P.2d 641, 643 (Ct.App. 1992) (considering trial court's grant of defendant's motion to dismiss for violation of six-month rule in magistrate court); *State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct.App.1986) ('[T]he right of appeal [from courts not of record] . . . is the right to a trial *or hearing* de novo in the district court.')"). *Foster* and the cases cited therein by the Court of Appeals provide ample authority for the proposition that district courts can and must review, de novo, the merits of pretrial motions brought before them on appeal from courts not of record, which includes municipal courts. *See Foster*, 2003-NMCA-099, ¶¶ 8-9, 11.

**{12}** Simply because municipal courts are not courts of record does not mean that the entire history of a case in municipal court is disregarded. When a municipal court ruling is appealed to district court, the record on appeal consists of, among other things, copies of all papers or pleadings filed in the municipal court, copies of the judgment or final order to be reviewed, and any exhibits filed in the proceedings. Rule 5-826(F) NMRA. In addition, with the prior approval of the municipal judge, the parties, at their own expense, may make a record of the testimony in the municipal court proceeding. Rule 8-601(D). Transcripts from criminal proceedings in courts of limited jurisdiction may be "considered insofar as is necessary for a meaningful review of a motion to dismiss on double jeopardy grounds." *Foster*, 2003-NMCA-099, ¶ 16. The record on appeal establishes what issues were preserved in the lower court and facilitates a district court's de novo review of such issues.

**{13}** Permitting a party to ask a district court to consider the merits of a dispositive pretrial motion filed in municipal court is important if we are to give true meaning to the power vested in municipal courts to enforce our procedural rules and the protections of the United States and New Mexico Constitutions. Examples of dispositive motions in municipal court include speedy trial violations, six-month rule violations, double jeopardy violations, and discovery violations. If a municipality is guaranteed a new trial on appeal, regardless of its violation of procedural rules or violations of the United States or New Mexico Constitutions, a municipal court's order enforcing the rule violations would be meaningless. In addition, the municipal court could arbitrarily disregard enforcement of procedural rules and constitutional protections, knowing that whatever it does will not be reviewed, because on appeal the district court must grant the appealing party a new trial, as if the municipal court proceeding had never taken place. This situation would lead to an absurd interpretation of the will of the voters who adopted Article VI, Section 27 of the New Mexico Constitution, and we will not interpret our Constitution to lead to absurd results. *See State v. Boyse*, 2013-NMSC-024, ¶¶ 8-9, 303 P.3d 830.

**{14}** However, we reject Piñon-Garcia's argument that *Candelaria*, 2008-NMCA-120, required the district court to review the municipal court's dismissal for an abuse of discretion. In *Candelaria*, the State appealed the metropolitan court's dismissal of charges against a defendant who was charged with battery of a household member. *Id.* ¶¶ 1-2. The hearing in metropolitan court was on record because the charges involved domestic violence.

5

*Id.* ¶ 10. Therefore, on appeal to the district court, the district court sat as an appellate court, reviewing the metropolitan court's dismissal for an abuse of discretion. *Id.* ¶¶ 10, 12.

**{15}** The important distinction between *Candelaria* and this case is the role of the district court in the respective cases. In *Candelaria*, the district court sat as an appellate court because the metropolitan court proceedings were on record. *Id.* ¶ 10; *see Foster*, 2003-NMCA-099, ¶ 9 ("If an appeal is on record, the district court acts as a typical appellate court reviewing the record of the lower court's trial for legal error."). In this case, the proceedings in municipal court were not on the record, and therefore the appeal to the district court was for a trial or hearing de novo. *See Hicks*, 1986-NMCA-129, ¶ 6 ("[T]he right of appeal [from a court not of record] is the right to a trial or hearing de novo in the district court."). Therefore, *Candelaria* is inapposite.

**{16}** However, the City's reliance on *City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 20, 142 N.M. 243, 164 P.3d 942 for the broad proposition that an appeal from municipal court to district court always requires a new trial is misplaced. In *Sanchez*, the City of Las Cruces appealed a municipal court's mid-trial dismissal of charges to the district court. *Id.* ¶ 1. The defendant challenged the municipality's ability to appeal to the district court for a trial de novo. *Id.* ¶¶ 4-5. This Court framed the question presented as "whether a district court has jurisdiction to entertain a city's appeal from a municipal court's dismissal of charges against a defendant on grounds other than the constitutionality of an ordinance or the sufficiency of a complaint." *Id.* ¶ 7. We relied on New Mexico Constitution Article VI, Section 27, which provides that "[a]ppeals shall be allowed in all cases from the final judgments and decisions of . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law." *Sanchez*, 2007-NMSC-042, ¶ 15. We held that a municipality has "a constitutional right to appeal an adverse final judgment or decision from a municipal court" based on Article VI, Section 27. *Sanchez*, 2007-NMSC-042, ¶ 15. However, we acknowledged that a municipality's right to appeal is limited by the double jeopardy clauses of the United States and New Mexico Constitutions. *Id.* (qualifying the city's right to appeal, "[p]rovided a defendant's right to be free from double jeopardy is not violated").

**{17}** Therefore, *Sanchez* is only relevant to this case insofar as it supports the City's argument that it is entitled to appeal the municipal court's dismissal to district court. *Sanchez* does not, however, support the argument that the City is automatically entitled to a trial de novo. The limited question we address in this case is the appropriate review in district court of a municipal court's pretrial ruling. Although it did not address this issue in *Sanchez*, the Court of Appeals addressed this issue many years ago in both *Foster* and *Hicks*. These two cases establish that, if a party raises a pretrial motion in a de novo appeal, the district court must make an independent, i.e., de novo, determination of the merits of the motion. *Foster*, 2003-NMCA-099, ¶ 19; *Hicks*, 1986-NMCA-129, ¶ 6.

**{18}** Piñon-Garcia has not provided us with any authority that supports his argument that the district court in this case should have reviewed the municipal court's dismissal for an

6

abuse of discretion. Accordingly, we decline to stray from precedent and conclude that when a party raises a municipal court's ruling before the district court on appeal, the district court must consider, de novo, the merits of the motion preserved below and rule accordingly. In this case, the City had the right to appeal the dismissal of the case, and Piñon-Garcia had the right to have the district court consider, de novo, the merits of his motion to dismiss the appeal, or alternatively to affirm the municipal court's dismissal. If, based on its own independent review, the district court concludes that dismissal of the case because of Officer Todacheeney's failure to appear was not warranted, the City would be entitled to a trial de novo in district court.

**{19}** Finally, we address the City's request to clarify what is required of district courts when conducting de novo reviews of decisions from courts that are not of record. The *Hicks* court explained that "[i]n de novo proceedings, the district court is not in any way bound by the proceedings in the lower court." 1986-NMCA-129, ¶ 6. We agree with this statement. Therefore, when a district court reviews a lower court's grant or denial of a dispositive pretrial motion, it does so independently. *Id.* (concluding that the district court was required to make an independent determination of the merits of a motion raised in a lower court, rather than reviewing for an abuse of discretion). The district court does not consider whether the lower court abused its discretion; rather, it must consider the merits of the motion without regard to what the municipal court decided. *See City of Farmington v. Sandoval*, 1977-NMCA-022, ¶ 16, 90 N.M. 246, 561 P.2d 945 (explaining that in a de novo review, the reviewing court does not review "the correctness of the proceedings" in the lower court).

**{20}** In this case, the district court did not address the double jeopardy issue because the parties agreed that jeopardy had not attached before the municipal judge dismissed the case with prejudice. This agreement is supported by law because in non-jury trials, jeopardy attaches when the court hears some evidence from the prosecution. *State v. Nunez*, 2000-NMSC-013, ¶ 28, 129 N.M. 63, 2 P.3d 264. The City listed two Farmington police officers as witnesses who would be called at trial. Officer Todacheeney, who was the only witness who observed Piñon-Garcia drive while impaired and who administered Piñon-Garcia's breath alcohol test, was not present to testify. The record reflects that the municipal court dismissed the case, as opposed to acquitting Piñon-Garcia for lack of evidence, and the parties agree that this occurred before the municipal court called the City to present evidence. Therefore, double jeopardy had not attached, *id.*, and the district court was correct not to consider the double jeopardy issue any further.

**{21}** The district court also correctly concluded that it did not have to review the municipal court's order of dismissal for an abuse of discretion. However, the district court should have made an independent determination regarding the validity of the municipal court's order of dismissal based on the record on appeal and the arguments of counsel at the district court level. The district court must resolve whether it would dismiss the case because Officer Todacheeney failed to appear at trial or if it would consider alternatives to dismissing the case with prejudice, while balancing the need to vindicate the authority of the municipal

7

court and protecting the parties' rights under our rules and the United States and New Mexico Constitutions. We remand to the district court for proceedings consistent with this opinion.

## CONCLUSION

**{22}** Because the right of appeal from courts not of record is the right to a trial or hearing de novo in district court, we conclude that the district court must make an independent determination, de novo, of the merits of any pretrial motions raised by the parties. In this case, the district court declined to conduct a de novo review of the merits of Piñon-Garcia's pretrial motion. Accordingly, we affirm the Court of Appeals and remand to the district court for its independent determination of the merits of Piñon-Garcia's motion to dismiss.

**{23}  IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for *City of Farmington v. Pinon-Garcia*, Nos. 33,650/33,676**

**APPEAL AND ERROR**
Appellate Review
Record on Appeal
Remand
Trial de Novo

**CONSTITUTIONAL LAW**
New Mexico Constitution, General

**GOVERNMENT**

8

Municipalities

**JUDGES**
Abuse of Discretion

**JURISDICTION**
Courts of Limited Jurisdiction, General
District Court
Municipal Court