| STATE V. PAMPHILLE |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**ANTHONY PAMPHILLE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37109
COURT OF APPEALS OF NEW MEXICO
May 31, 2019

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY, Steven Blankenship, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Aja Oishi, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  JULIE J. VARGAS, Judge KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant appeals following the revocation of his probation. On appeal, Defendant contends that he was entitled to dismissal due to the hearing being untimely, and that insufficient evidence supported his revocation. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered.

Unpersuaded, we deny the motion to amend the docketing statement as non-viable and otherwise affirm.

**{2}**     In this Court's calendar notice, we proposed to affirm the district court's decision revoking Defendant's probation, as Rule 5-805(L) NMRA states that dismissal of the motion to revoke probation for violating any time limits is a discretionary decision by the district court. [CN 2] We also proposed to affirm as Defendant's positive test for cocaine, admission to his probation officer as to using cocaine, evidence that he violated a restraining order, and his admission in his testimony at the hearing that he used cocaine were sufficient to support his probation revocation. [CN 3-6]

**{3}**     In his memorandum in opposition, Defendant does not dispute this Court's proposal to affirm as to the issue of sufficient evidence. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned). However, Defendant continues to argue that his probation revocation should have been dismissed for failure to hold the hearing within the time limits in Rule 5-805. [MIO 3] He acknowledges that Rule 5-805(L) indicates that dismissal is discretionary rather than mandatory. *Id.* ("[T]he court *may* dismiss the motion to revoke probation for violating any of the time limits in this rule." (emphasis added)). [MIO 10] However, he requests we rely on a case interpreting a previous version of the rule, at which point dismissal was required. *See State v Montoya*, 2011-NMCA-009, 149 N.M. 242, 247 P.3d 1127. The current version of Rule 5-805(L), which applied at the time of Defendant's revocation hearing, is controlling. *See State v. Sharp*, 2012-NMCA-042, ¶ 4, 276 P.3d 969. Defendant cites no authority, and we are aware of none, that would require reliance on an interpretation of a prior, inapplicable version of a rule. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists). [MIO 18] As Defendant does not make any further arguments for why the district court abused its discretion in failing to dismiss his revocation, we are unpersuaded that he has demonstrated any error. [MIO 10]

**{4}**     Defendant also seeks to amend the docketing statement to add the assertion that his trial counsel's failure to present an expert witness to testify as to the possibility of a false positive drug test amounted to ineffective assistance of counsel. [MIO 10] This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{5}**     "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068. Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance. *See State v. Tafoya*, 2012-NMSC-030, ¶¶ 58-59,

285 P.3d 604 ("An appellate court will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." (internal quotation marks and citation omitted)). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Crocco*, 2014-NMSC-016, ¶ 14 (internal quotation marks and citation omitted).

**{6}** We note that our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. In this case, Defendant admits that facts relating to the ineffective assistance of counsel claim may not be apparent from the record, and this Court agrees that such a sufficient record does not appear to be available. Accordingly, Defendant has not made a prima facie case of ineffective assistance of counsel. *See Tafoya*, 2012-NMSC-030, ¶¶ 58-59.

**{7}** As Defendant has not presented a prima facie case of ineffective assistance of counsel, we deny the motion to amend as non-viable.

**{8}** Accordingly, we affirm.

**{9}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**