This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38238**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH J. GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Defendant appeals from his bench trial conviction for aggravated driving while under the influence, following a de novo appeal from magistrate court. Defendant asserts that the magistrate court erred in finding exceptional circumstances to extend the date by which trial had to commence, *see* Rule 6-506(C)(5) NMRA, and the district court erred in its review of the magistrate court's determination. Defendant additionally asserts that defense counsel's closing argument was improperly limited, thereby denying Defendant a fair trial. We issued a notice of proposed summary disposition

proposing to reverse, in part, and affirm, in part. Defendant filed a memorandum in support of our proposed summary reversal and in opposition of our proposed summary affirmance, which we have duly considered. In response to our proposed disposition, the State filed a notice that it did not intend to file a memorandum in opposition.

**{2}** For the reasons outlined in our notice of proposed disposition, and in the absence of opposition from either party, we conclude that the district court improperly engaged in appellate, rather than a de novo, review of the magistrate court's Rule 6-506(C) extension of time for exceptional circumstances. Accordingly, we reverse and remand for de novo proceedings. *See State v. Sharp*, 2012-NMCA-042, ¶ 13, 276 P.3d 969 (reversing and remanding for de novo proceeding where the district court improperly engaged in appellate, rather than de novo review of a Rule 6-506 appeal).

**{3}** In the event the district court on remand denies Defendant's motion to dismiss for violation of Rule 6-506, Defendant has asserted that the district court denied him a fair trial by limiting defense counsel's closing argument. Our notice proposed to affirm on the basis that the district court rendered its decision after hearing all the evidence and that limiting defense counsel's closing argument during a bench trial did not demonstrate impartiality, particularly where Defendant did not indicate what additional arguments defense counsel intended to assert. [CN 8-10] In response, Defendant's memorandum in opposition asserts that while trial counsel might not be able to precisely account for what additional arguments he would have made, Defendant maintains that where the district court is unwilling to wait and see what more the defense may argue before convicting a defendant, it amounts to prejudgment of the case and the defendant. [MIO 3, 4-5] By acknowledging that there were no points of argument defense counsel was precluded from asserting, Defendant has not demonstrated error in the proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Defendant therefore fails to persuade us that this issue should not be affirmed on the grounds stated in our notice of proposed disposition.

**{4}** Accordingly, we affirm in part as to Defendant's claimed denial of his right to a fair trial and we reverse and remand for de novo proceedings in accordance with this opinion.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**